UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TRIANGLE EXPERIENCE GROUP, INC.,

    Plaintiff/Counterclaim Defendant,

v.

MAX MINDS, LLC,

    Defendant/Counterclaim Plaintiff.

Case No. 1:24-cv-00650-JPH-MG

## CASE MANAGEMENT PLAN

### I. Parties and Representatives

    A.    Plaintiff/Counterclaim Defendant: Triangle Experience Group, Inc. ("TEG" or "Plaintiff")

          Defendant/Counterclaim Plaintiff: Max Minds, LLC ("MAX" or "Defendant")

    B.    Plaintiff/Counterclaim Defendant's Counsel:

    Marc T. Quigley
    Alexandra Wilson Pantos
    KRIEG DeVAULT LLP
    12800 N. Meridian Street
    Suite 300
    Carmel, IN 46032
    (317)238-6262
    Fax: (317)636-1507
    Email: mquigley@kdlegal.com
    Email: awilson@kdlegal.com

    Richard Daniel Kelley (*admitted pro hac vice*)
    Stephen Daniel Caruso (*admitted pro hac vice*)
    Raighne Coleman Delaney (*admitted pro hac vice*)
    BEAN, KINNEY& KORMAN, PC
    2311 Wilson Blvd.
    Suite 500
    Arlington, VA 22201
    703-525-4000
    rkelley@beankinney.com
    scaruso@beankinney.com

rdelaney@beankinney.com

Defendant/Counterclaim Plaintiff's Counsel:

George A. Gasper
Alexander S. Valdes (admitted *pro hac vice*)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282
317-236-2100
george.gasper@icemiller.com
alex.valdes@icemiller.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.** **Jurisdiction and Statement of Claims**

A. This Court has subject matter jurisdiction of this action pursuant to 28 USC § 1332(a)(l) for all claims, and 28 U.S.C. § 1367(a) for any remaining claims.

B. **Plaintiff's Statement**: In July of 2019, TEG and MAX entered into a Mutual Nondisclosure Agreement (the "NDA") to further their discussions about jointly developing, manufacturing and selling software and related services. In January of 2020, TEG and Max entered into a Joint Venture Agreement (the "JVA"), whereby the parties would jointly develop software that TEG would sell to the United States Federal Government (the "Government") and Max could sell in the non-Government, commercial space. In accordance with the JVA, all software developed by the parties will be co-owned. During the ensuing relationship between the parties, Max continually failed to uphold its contractual obligations with regard to the development of the software and, instead, utilized TEG's resources for its own gain. As a result of Max's conduct, TEG sustained considerable losses in both direct and consequential damage. In addition, Max failed to compensate TEG for sales made in the non-Government, commercial space and, moreover, breached the NDA. TEG, therefore, brings claims for (1) declaratory judgment related to the parties' joint ownership of the software; (2) (2) breach of contract under the JVA for Max's failure to create and maintain a functioning software; (3) breach of warranty related to the non-functioning software; (4) breach of contract under the JVA related to Max's failure to pay TEG for Max's commercial sales of the software; and (5) breach of the NDA. In addition, based upon Max's recent counterclaims in this lawsuit and other developments to be discussed at the Case Management Conference, TEG anticipates the addition of further parties and claims to this lawsuit.

C. **Defendant's Statement**: MAX and TEG entered into a Source Code License Agreement and End User License Agreement, in addition to the above-referenced

Joint Venture Agreement. The Source Code License Agreement and End User License Agreement are explicit that MAX owns all versions of all its software products, defeating TEG's declaratory judgment claim. Moreover, discovery will show that there is no evidence to support that TEG owns any of MAX's software pursuant to the Joint Venture Agreement. Further, the Joint Venture Agreement only applies to one of MAX's products—Haptic Federal, which combined with evidence produced in discovery will defeat TEG's claim that MAX failed to share any revenues owed to TEG. Facts adduced in discovery will also show MAX created and maintained a functioning source code, defeating TEG's other claims under the Joint Venture Agreement. Finally, facts adduced in discovery will show MAX did not disclose any of TEG's confidential information in violation of the parties' non-disclosure agreement.

With respect to MAX's counterclaims, MAX brings claims for breach of the Source Code License Agreement, End User License Agreement, Joint Venture Agreement, and a Certification Agreement. MAX also brings claims for common law fraud, conversion, and unjust enrichment. Facts adduced in discovery will show that TEG has concealed and failed to provide MAX with its rightful share of millions of dollars of revenues from sales related to MAX's product, Haptic Federal. Additionally, TEG has improperly retained, modified, and used MAX's software, among other misconduct. MAX seeks damages and injunctive relief to stop TEG's misuse of MAX's proprietary information.

### III.     Pretrial Pleadings and Disclosures[1]

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 15, 2024**.

    B.    Plaintiff shall file preliminary witness and exhibit lists on or before **July 22, 2024**.

    C.    Defendant shall file preliminary witness and exhibit lists on or before **July 29, 2024**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **September 13, 2024**.

    E.    Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **August 12, 2024**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto on or before **September 11, 2024**.

---

[1] For purposes of this proposed Case Management Plan, the "Anchor Date" is April 15, 2024, which is the date the case was filed in the Southern District of Indiana after being transferred from the Eastern District of Virginia. Dkt. No. 19.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 14, 2025**. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **May 14, 2025**; or if Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or before **May 14, 2025.**

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **March 14, 2025**. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **July 25, 2025**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **July 14, 2025**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). The parties expect the production of a substantial volume of ESI and hereby submit the ESI Supplement to the Report of the Parties' Planning Meeting, attached as Exhibit A. The ESI Supplement will address disclosure or discovery of electronically stored information.

IV. **Discovery[2] and Dispositive Motions**

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

           Defendant/Counterclaim Plaintiff MAX believes this case is appropriate for summary judgment with respect to all of Plaintiff/Counterclaim Defendant TEG's claims (Counts I-V), for the reasons outlined in Section II(C) above, and with respect to MAX's breach of contract and tort counterclaims based on evidence to be produced in discovery. MAX reserves the right to move for summary judgment on any and all claims asserted by either party.

           TEG also believes that with respect to its claims and Max's counterclaims, summary judgment and/or other dispositive motions are appropriate. With regard to TEG's claims, the JVA and NDA clearly set forth the rights and obligations of the parties; and TEG believes there is ample and incontrovertible documentary evidence to support TEG's claims. Similarly, TEG believes that there will be ample and indisputable evidence to support the dismissal of Max's counterclaims. With regard to Max's contractual claims, the very documents upon which Max relies demonstrate that the contract(s) is either unenforceable, inapplicable to TEG, or that TEG fulfilled all the required terms therein. Similar evidence, along with other documents and testimony, will demonstrate that Max's counterclaims sounding in tort are either improper or implausible.

    B.    On or before **March 14, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C.    The parties believe this case is appropriate for **Track 3**:

           __x__ Track 3: Dispositive motions shall be filed by **June 26, 2025**; non-expert discovery shall be completed by **March 7, 2025**; expert witness discovery shall be completed by **August 8, 2025**.

           **Defendant and Plaintiff believe that Track 3 is appropriate because of the significant amount of document discovery and expert discovery that is at**

---

[2] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

5

**issue in this case, along with the anticipated addition of parties reflected in Section II(B) above.**

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

### V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in September 2024.**

### VI. Trial Date

The parties request a trial date in **February 2026**. The trial is by **jury** and is anticipated to take **15 days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

### VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

   1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

   2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

   3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

   4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

      a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

      b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

   5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

   6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

None.

Respectfully submitted,

*/s/ Richard D. Kelley*

Richard D. Kelley (admitted *pro hac vice*)
Raighne C. Delaney (admitted *pro hac vice*)
Stephen D. Caruso (admitted *pro hac vice)*
BEAN, KINNEY & KORMAN, P.C.
2311 Wilson Boulevard, Suite 500
Arlington, Virginia 22201
(703) 525-4000
rkelley@beankinney.com
rdelaney@beankinney.com
scaruso@beankinney.com

Marc T. Quigley, Atty. No. 21054-53
KRIEG DeVAULT LLP
12800 North Meridian Stret, Suite 300
Carmel, Indiana 46032
(317) 566-1100
mquigley@kdlegal.com

Alexandra Wilson Pantos, Atty. No. 37003-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
(317) 636-4341
awilson@kdlegal.com

*Counsel for Plaintiff/Counterclaim Defendant,
Triangle Experience Group, Inc.*

*/s/ George Gasper*

George A. Gasper
Alexander S. Valdes (admitted *pro hac vice*)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
317-236-2100
george.gasper@icemiller.com
alex.valdes@icemiller.com

*Counsel for Defendant/Counterclaim Plaintiff,
Max Minds, LLC*

9

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
| ☐ | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| ☐ | APPROVED AS SUBMITTED. |
| ☐ | APPROVED AS AMENDED. |
| ☐ | APPROVED AS AMENDED PER SEPARATE ORDER. |
| ☐ | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| ☐ | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| ☐ | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
| ☐ | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_) _____; |
| ☐ | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

      Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**