UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
(Indianapolis Division)

TRIANGLE EXPERIENCE GROUP, INC., :

    Plaintiff,

v.

MAX MINDS, LLC,

    Defendant.

Case Number: 1:24-cv-00650-JPH-MG

**PLAINTIFF TRIANGLE EXPERIENCE GROUP, INC'S BRIEF IN SUPPORT
OF ITS MOTION TO STRIKE CERTAIN DEFENSES OF DEFENDANT**

Marc T. Quigley, Atty. No. 21054-53
KRIEG DeVAULT LLP
12800 North Meridian Street, Suite 300
Carmel, Indiana 46032
Tel: (317) 566-1110
Fax: (317) 636-1507
mquigley@kdlegal.com

Alexandra Wilson Pantos, Atty. No. 37003-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
Tel: (317) 636-4341
Fax: (317) 636-1507
awilson@kdlegal.com

Richard D. Kelley, Esq., *admitted pro hac vice*
Raighne C. Delaney, Esq., *admitted pro hac vice*
Stephen D. Caruso, Esq., *admitted pro hac vice*
BEAN, KINNEY & KORMAN, PC
2311 Wilson Boulevard, Suite 500
Arlington, VA 22201
Tel: (703) 525-4000
Fax: (703) 525-2207
rkelley@beankinney.com
rdelaney@beankinney.com
scaruso@beankinney.com

*Counsel for Plaintiff Triangle Experience
Group, Inc.*

Plaintiff Triangle Experience Group, Inc. ("TEG"), by counsel, and in support of its Motion to Strike Certain Defenses of Defendant, Max Minds, LLC ("Max"), states as follows.

## INTRODUCTION

TEG filed its Complaint against Max for Max's material breaches of a Joint Venture Agreement (the "JVA") under which the parties agreed to jointly create a new software system to be used by and sold to the United States Government. (Pl.'s Comp., Dkt. 1, at 1.). In its recently filed Answer and Affirmative and Other Defenses to Complaint and Counterclaims (the "Answer"), Max sets forth various general and affirmative defenses. (*See* Def.'s Answer, Dkt. 37, at 24.). Several of Max's affirmative defenses are conclusory, unsupported, and otherwise legally insufficient. In an effort to streamline this matter and facilitate a more efficient resolution to this dispute, TEG now moves this Court to strike these defenses.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Additionally, "[a]ffirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses must comply with Federal Rule of Civil Procedure 8(b)(1)(A), which requires a defendant to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Courts routinely strike affirmative defenses "when they are insufficient on the face of the pleadings." *Heller Fin. Inc.*, 883 F.2d at 631.[1] Ordinarily, affirmative defenses will not be struck if they are sufficient as

---

[1] District Courts in the Seventh Circuit are split regarding whether the *Twombly* and *Iqbal* pleading standards apply to affirmative defense pleadings. *See Soos & Assocs. v. Five Guys Enters., LLC*, 425 F. Supp. 3d 1004, 1010 (N.D. Ill. 2019) ("The Twombly and Iqbal pleading standard applies to affirmative defenses."); *cf. Malibu Media, LLC v. Tashiro*, No. 1:13-cv-205, 2014 U.S. Dist. LEXIS 154280, at *4

2

a matter of law. *Callahan v. Madison Cnty. Coroner's Off.*, No. 1:22-cv-02467, 2023 U.S. Dist. LEXIS 201389, at *2, (S.D. Ind. Nov. 9, 2023). But, a "conclusory statement is insufficient even under the liberal pleading standard for affirmative defenses." *Malibu Media, LLC,* 2014 U.S. Dist. LEXIS 154280, at *4. Courts routinely strike affirmative defenses that fail to meet these standards to expedite matters by removing unnecessary clutter from the case. *Perez v. PBI Bank, Inc.*, No. 1:14-cv-01429, 2015 U.S. Dist. LEXIS 13590, at *5 (S.D. Ind. Feb. 4, 2015) ("Motions to strike are appropriate when they expedite matters by 'removing unnecessary clutter from the case.'" quoting *Heller Fin., Inc.,* 883 F.2d at 1294).

## ARGUMENT

### I.     Max's Conclusory, Threadbare and Invalid Affirmative Defenses Must Be Struck

In its Answer, Max lists twelve affirmative defenses to TEG's claims. (*See* Def.'s Answer, Dkt. 37, at 24.). Several of Max's "affirmative defenses," however, are pleaded as nothing more than boilerplate and conclusory recitations of a generic affirmative defense or are not recognized affirmative defenses in the Seventh Circuit, which does not meet the pleading standards under the Federal Rules of Civil Procedure. TEG, therefore, asks the Court to strike these defenses.

Court's will strike affirmative defenses as insufficient under Rules 8 and 12(f) when a defendant "asserts boilerplate defenses as mere placeholders without any apparent factual basis." *Soos & Assocs.*, 425 F. Supp. 3d at 1010 (citing *Behn v. Kiewit Infrastructure Co.*, 17 C 5241, 2018 U.S. Dist. LEXIS 187620, at *1 (N.D. Ill. Nov. 2, 2018)). Affirmative defenses that are bare doctrinal assertions, simple recitations of a defense, conclusory statements, or leally invalid must be struck as insufficiently pleaded. *Heller Fin., Inc.,* 883 F.2d at 1295 (bare bones conclusory

---

(S.D. Ind. Oct. 29, 2014) (*Heller* standard applies). However, even if this Court disagrees that the *Iqbal and Twombly* standards apply, the bare recitation of a boilerplate affirmative defense does not meet either standard. *Malibu Media, LLC,* 2014 U.S. Dist. LEXIS 154280, at *4.

3

allegations are insufficiently pleaded); *Leonard v. Trs. of Ind. Univ.*, No. 1:19-cv-00963, 2019 U.S. Dist. LEXIS 122322, at *8 (S.D. Ind. July 23, 2019) ("failing to plead anything more than the assertions of [an affirmative defense] constitutes ground for striking the defenses."); *Malibu Media, LLC*, 2014 U.S. Dist. LEXIS 154280 at *4 ("[A] conclusory statement is insufficient even under the liberal pleading standard for affirmative defenses."); *Manago v. Auto-Owners Ins. Co.*, No.: 2:16-CV-267, 2018 U.S. Dist. LEXIS 59694, at *6-7 (N.D. Ind. Apr. 9, 2018) (striking affirmative defenses containing "bare doctrinal assertions"). In this case, six of the twelve affirmative defenses in Max's Answer are bare assertions that lack sufficient factual support or assert invalid affirmative defenses and, therefore, should be struck by the Court.

### a.     Max's Fifth Affirmative Defense – Unclean Hands – Must Be Struck

Max's unclean hands defense should be struck as insufficient due to lack of factual support. As a rule, a party pleading an affirmative defense must also provide factual support for that affirmative defense to meet the Federal pleading standard, *See Heller Fin., Inc.*, 883 F.2d at 1295; *Malibu Media, LLC,* 2014 U.S. Dist. LEXIS 154280 at *4-5 (striking unclean hands affirmative defense). Simply pleading conclusory statements in lieu of actual factual support is insufficient. *Id.* In *Malibu Media*, the court struck an unclean hands defense because the defendant failed to plead facts to support the elements required to establish the defense. *Id.* Similarly, Max's unclean hands defense simply states that "TEG committed unconscionable and unethical acts while performing, and in the inducement of, the Joint Venture Agreement." (Def.'s Answer, Dkt. 37, at 27.). This statement is conclusory as it lacks any factual allegations as to how TEG acted unconscionably and unethically. Max's affirmative defense provides no details on the alleged

unconscionable and unethical acts by TEG. (*Id.*) Because Max's unclean hands defense is conclusory and unsupported by facts, the Court should strike it from Max's Answer.

**b.     Max's Seventh Affirmative Defense – Contributory Fault – Must Be Struck**

Max's contributory fault defense should be stuck because it is a legally invalid defense that, furthermore, lacks factual support. The Seventh Circuit does not recognize contributory fault as an affirmative defense in contract actions. *Next Millennium Telecom Co. v. Am. Signal Corp.*, No. 20-CV-178, 2022 U.S. Dist. LEXIS 187939, at *8 (E.D. Wis. Oct. 14, 2022) (citing *Outboard Marine Corp. v. Babcock Indus., Inc.*, 106 F.3d 182, 184-85 (7th Cir. 1997) ("[T]here is no contract doctrine of contributory or comparative negligence.")). In *Next Millennium Telecom Co.,* the court struck a contributory fault defense in a contract action on the grounds that contributory or comparative negligence does not apply in contract disputes. *Id.* Although discussing the potential interpretation of the defendant's contributory negligence defense as a mislabeled "wrongdoing of a party to the contract" defense, such as the prevention of performance defense or first material breach, the court in *Next Millennium Telecom* held that other defenses better supported the "wrongdoing of a party to the contract" defense, and struck the contributory negligence defense as invalid, despite the fact that the moving party filed its motion to strike out of time. *Id* at *6-9.

Max's contributory fault defense also improperly attempts to apply a tort-based concept to a contractual dispute, which is legally invalid. *Id.* at *8. In addition, as with Max's other affirmative defenses, Max provides no factual assertions to support this affirmative defense. Therefore, even if contributory fault was a potentially proper affirmative defense, which it is not, Max still has not pleaded it with the required factual support. *Heller Fin., Inc.*, 883 F.2d at 1295. Moreover, Max's other defenses better support any "wrongdoing of a party to the contract" defenses, such as its prior material breach and its various fraud defenses. (Def.'s Answer, Dkt. 37, at 24-27.). Max's

5

contributory fault defense is inappropriate for the contractual context of this case and is otherwise insufficient pleaded and, therefore, the Court should strike it accordingly.

**c.   Max's Eighth Affirmative Defense – Unjust Enrichment – Must Be Struck**

Max's unjust enrichment affirmative defense should also be struck for lack of factual support. To meet the required pleading standards, affirmative defenses must be supported by factual allegations. *Manago*, 2018 U.S. Dist. LEXIS 59694, at *6-7. In *Manago*, the court struck an unjust enrichment defense that lacked the requisite factual detail explaining how such an affirmative defense applied. *Id.* The court held that merely asserting the affirmative defense without providing supporting facts was insufficient and struck the improperly pleaded affirmative defense accordingly.

Max's unjust enrichment defense simply states that "TEG's claims are barred, in whole or part, because the relief sought would unjustly enrich TEG," but provides no factual support for that conclusory statement. (Def.'s Answer, Dkt. 37, at 28.). Max's affirmative defense offers only a bare assertion without any supporting facts or supporting explanation of how TEG's relief would result in any unjust enrichment. (*See* Def.'s Answer, Dkt. 37, at 28.). Max's unjust enrichment affirmative defense is conclusory and lacks factual support, and the Court should strike it accordingly.

**d.   Max's Ninth Affirmative Defense – Failure to Mitigate Damages – Must Be Struck**

Max's affirmative defense alleging TEG's failure to mitigate damages should also be struck as conclusory. As with other affirmative defenses, a failure-to-mitigate affirmative defenses must include factual support to be valid. *See Leonard*, 2019 U.S. Dist. LEXIS 122322, at *8 ("failing to plead anything more than assertions of 'failure to mitigate damages' . . . constitutes grounds for striking the defense."). In *Leonard*, the court granted a motion to strike a failure to

6

mitigate damages affirmative defense that was merely an assertion without supporting facts. *Id.* The court emphasized that failing to plead any factual basis for the defense does not meet the pleading requirements. *Id.*

Max's failure-to-mitigate-damages affirmative defense simply states that "TEG has failed to take reasonable action to mitigate its alleged damages," but provides no factual support for this affirmative defense. (Def.'s Answer, Dkt. 37, at 29.). Just as in *Leonard,* Max's defense is conclusory and lacks the necessary factual detail to meet the pleading standards. *See Leonard,* 2019 U.S. Dist. LEXIS 122322, at *8. Max's threadbare assertion is also "insufficient even under the liberal pleading standard of the Federal Rules." *See id.* Thus, Max's failure to mitigate damages defense is conclusory and unsupported by facts, and the Court should strike it from Max's Answer.

### e. Max's Tenth Affirmative Defense – Speculative Damages – Must Be Struck

Max's tenth affirmative defense, speculative damages, should also be struck for its lack of factual basis. Simply labeling all damages as speculative is insufficient to withstand a motion to strike. *Manley v. Boat/U.S. Inc.*, No. 13-cv-5551, 2016 U.S. Dist. LEXIS 41036, at *14 (N.D. Ill. March 29, 2016) ("simply accusing Boat U.S. of pleading vague and speculative damages does not state an affirmative defense. Accordingly, affirmative defense 3 [speculative damages] is stricken. . . ."). An affirmative defense that labels damages as speculative must provide a factual basis for that assertion. *Id.*

Max's speculative damages affirmative defense simply states that "TEG has alleged damages that, while not warranted under the facts or law of this case, are also vague, contingent upon future occurrences, purely conjectural, or highly improbable." (Def.'s Answer, Dkt. 37, at 29.). This affirmative defense is a mere assertion without any factual detail. Similar to *Manley*, in which the court struck a speculative damages defense for lacking a factual basis and noting that

7

merely labeling damages as speculative is insufficient, Max's defense also fails to provide any specific facts to support its claim. *See* 2016 U.S. Dist. LEXIS 41036, at *14. Max's speculative damages affirmative defense is conclusory and unsupported by facts, and the Court should strike it accordingly.

### f. Max's Twelfth Affirmative Defense – Contractual Estoppel – Must Be Struck

Max's contractual estoppel affirmative defense asserts that the subsequent Source Code License Agreement and End User License Agreement, which Max incorrectly alleges indicate that Max is the sole and exclusive owner of the software at issue, somehow stops TEG from alleging ownership rights in the software." (Def.'s Answer, Dkt. 37, at 29.). A contractual estoppel defense, however, is not a recognized affirmative defense in general contract disputes in the Seventh Circuit. *See, e.g., Depuy Orthopaedics, Inc. v. Orthopaedic Hosp.*, No. 312-CV-299, 2015 U.S. Dist. LEXIS 18757, *12 (N.D. Ind. Feb. 13, 2015) (analyzing contractual estoppel in a patent law context); *see also, e.g., Ill. Sch. Dist. Agency v. Pac. Ins. Co.*, 471 F.3d 714, 720 (7th Cir. 2006) (analyzing contractual estoppel in an insurance law context).[2]

Even if Max, through this defense, was attempting to assert the affirmative defense of judicial estoppel, the elements of judicial estoppel require that the party to be estopped (1) has taken a factual position that is clearly inconsistent with one it earlier took before a court or tribunal, (2) succeeded in persuading a court to accept that position, and (3) that acceptance of the new position would create the impression that one or the other of the courts was misled. *Hudkins v. City of Indianapolis*, 1:13-cv-01179, 2015 U.S. Dist. LEXIS 103039, *3-4 (S.D. Ind. Aug. 6, 2015); *World Fin. Group Inc. v. Steele*, No. IP 02-248-C H/K, 2002 U.S. Dist. LEXIS 17376, *13-

---

[2] TEG has found no Indiana case law to support the use of contractual estoppel as an affirmative defense in general contract disputes. Contractual estoppel, as a concept, is absent from the general body of case law within the Seventh Circuit and Indiana courts and is not otherwise recognized as a standard affirmative defense in contractual disputes.

8

14 (S.D. Ind. Aug. 15, 2002). Clearly, those are not the facts either involved or pleaded by Max in this case. (*See* Def.'s Answer, Dkt. 37, at 29.).

Similarly, even if Max was attempting to assert a mislabeled affirmative defense of equitable estoppel, the elements of equitable estoppel require that the moving party pleads that the nonmoving party was (1) engaging in misleading conduct that (2) induced the moving party to rely on the conduct, and (3) as a result of that reliance, the moving party would be materially prejudiced. *See Orthopediatrics Corp. v. Wishbone Med., Inc.*, No. 3:20-CV-929, 2022 U.S. Dist. LEXIS 175912, *22 (N.D. Ind. Sept. 28, 2022) (patent related case). Again, those are neither the facts involved nor pleaded by Max in the current matter. (*See* Def.'s Answer, Dkt. 37, at 29.). Presumably, Max's Ratification affirmative defense is better suited to cover the issues Max raises here. *Id.* at 28.

Because contractual estoppel is not a valid affirmative defense in this context, Max's twelfth affirmative defense should be struck.

## CONCLUSION

For the foregoing reasons, and those articulated at any oral argument on the matter, Plaintiff Triangle Experience Group, Inc. respectfully requests that this Honorable Court grant TEG's Motion to Strike Defendant's Affirmative Defenses, strike Max's affirmative defenses 5, 7, 8, 9, 10, and 12 to expedite this matter by removing unnecessary clutter from this case, and award TEG any and all further relief as may be just and proper.

Dated: June 21, 2024

Respectfully submitted,

Richard D. Kelley, Esq., *admitted pro hac vice*
Raighne C. Delaney, Esq., *admitted pro hac vice*
Stephen D. Caruso, Esq., *admitted pro hac vice*
BEAN, KINNEY & KORMAN, P.C.
2311 Wilson Boulevard, 5th Floor
Arlington, VA 22201
(703) 525-4000
(703) 525-2207 (Fax)
rkelley@beankinney.com
rdelaney@beankinney.com
scaruso@beankinney.com

Marc T. Quigley, Atty. No. 21054-53
KRIEG DeVAULT LLP
12800 North Meridian Street, Suite 300
Carmel, Indiana 46032
Tel: (317) 566-1110
Fax: (317) 636-1507
mquigley@kdlegal.com

Alexandra Wilson Pantos, Atty. No. 37003-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
Tel: (317) 636-4341
Fax: (317) 636-1507
awilson@kdlegal.com

*Counsel for Triangle Experience Group, Inc.*