UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRIANGLE EXPERIENCE GROUP, INC., ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-00650-JPH-MG |
| ) | |
| MAX MINDS, LLC, ) | |
| ) | |
| Defendant/Counter Claimant. ) | |

**TRIANGLE EXPERIENCE GROUP, INC'S RESPONSE TO DEFENDANT MAX MINDS, LLC'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS**

Plaintiff/Counter Defendant Triangle Experience Group, Inc. ("TEG"), by counsel and pursuant to Local Rule 7-1(c)(3), files its Response to Defendant/Counter Claimant Max Minds, LLC's ("Max") Motion for Leave to Amend Answer and Counterclaim ("Motion for Leave"). (Dkt. 56).

**INTRODUCTION**

On May 10, 2024, Max filed its "Answer and Affirmative and Other Defenses to Complaint and Counterclaims" (Dkt. 37) in response to TEG's Complaint against Max. (Dkt. 1).[1] On June 21, 2024,[2] in response to Max's Counterclaims, TEG filed a Motion to Dismiss for failure to state a claim, accompanied by a Memorandum in Support (collectively, "MTD"). (Dkt. 49-50). Also on June 21, 2024, TEG filed a Motion to Strike certain affirmative defenses lodged by Max, accompanied by a Memorandum in Support (collectively, "MTS"). (Dkt. 50-51). Max's responses to TEG's MTD and MTS were initially due on or before June 12, 2024, though, TEG consented

---

[1] TEG's Complaint was filed in the Eastern District of Virginia but was transferred to this Court. (Dkt. 18-19).
[2] On May 29, 2024, pursuant to Local Rule 6-1(a), TEG filed a Notice of Automatic Extension. (Dkt. 40).

to an extension until July 19. (Dkt. 53). To date, in contravention of Local Rule 7-1, Max has not filed a response to TEG's MTD or MTS, and has waived any objections the motions.[3]

On July 19, 2024, purportedly in response to TEG's MTD and MTS, Max filed its Motion for Leave, asking the Court to grant Max leave to amend its "Answer and Affirmative and Other Defenses and Counterclaim." (Dkt. 56). Max's Motion for Leave does not cite a *single* legal authority, or factual grounds, to support its request for relief. Considering that the time has passed for Max to amend its pleading as a matter course, TEG presumes that the Motion for Leave is filed pursuant to Federal Rule of Procedure 15(a)(2). *See* Fed. R. Civ. P. 15(a)(1). Attached to Max's Motion to Leave, as Exhibit 1, is Max's proposed amended pleading. (Dkt. 56-1).

Max's Motion for Leave proposes to withdraw Count VI (conversion), apparently recognizing TEG's argument that it lacked support as a matter of law, but also fails to add any new facts to suggest that the remaining counts contested by TEG's MTD should survive. (Dkt. 56, 56-1). Instead, Max merely adds conclusory statements of law and restates legal elements for certain causes of action. Max's Motion for Leave should be denied because it does not identify any factual or legal support, and moreover would be futile because it cannot survive TEG's previously filed MTD.[4]

## LEGAL STANDARD

A party may amend its pleading once as a matter of course if does so within 21 days after serving its complaint or within 21 days after service of a motion under 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's

---

[3] Pursuant to Local Rule 7-1(c)(5), TEG has simultaneously herewith filed a Motion for Summary Ruling based upon Max's failure to respond.

[4] TEG notes that Max did not make a good faith effort to meet and confer relating to its Motion for Leave, in contradiction to its allegation in paragraph 6. Max has indicated that it attempted to call counsel for TEG at 4:30PM on the day of filing, but counsel did not leave any voicemail, nor send any email.

written consent or the court's leave. The court should freely give leave **when justice so requires.**" *Id.* at (a)(2) (emphasis added).

## ARGUMENT

Max's Motion for Leave does not provide a single legal citation, argument, or reference to a Local or Federal Rule of Procedure to suggest that justice requires that leave be granted. Considering Max's lack of factual or legal support for its Motion, it should be denied.

Notwithstanding Max's lack of support, Max's Motion for Leave should be denied as futile. To the extent that Max claims, albeit without articulation, that its Motion for Leave moots or extinguishes TEG's MTD arguments, such a claim fails because the proposed amendments do not remedy Max's legally deficient claims.

### I. Max's Motion Should be Denied for Lack of Legal or Factual Support

A motion for leave, when not sought as a matter of course, may only be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires," leave to amend is "not automatic" and courts have broad discretion to deny leave to amend. *See Sturm v. City of Indianapolis*, 2015 U.S. Dist. LEXIS 125621, at *2 (S.D. Ind. 2015).

TEG is left guessing as to why "justice ... requires" that Max's one-and-a-half page Motion for Leave should be granted. To the contrary, justice does not support Max's request because the Motion for Leave merely comes as a response to TEG's MTD and MTS in an attempt to avoid substantively addressing TEG's arguments. The proposed, new "facts" were known and/or should have been known to Max at the time of filing its Counterclaims, and Max should not be permitted to avoid TEG's MTD and MTS with its own unsubstantiated motion. Rather, at best for Max,

3

TEG's MTD and MTS should be granted and Max may be permitted to explain to this Court why leave should be granted to replead its deficient claims and defenses.

To be sure, TEG will be prejudiced if Max's Motion for Leave is granted. If litigants were permitted to proceed as Max chose to – i.e., simply file a one and a half page motion for leave, with no legal or factual authority cited, and not within 21 days, in response to a motion to dismiss – then there would be no need or incentive for a party to ever address arguments in a dispositive motion. *See Alioto v. Town of Lisbon,* 651 F.3d 715, 722 (7th Cir. 2011) (filing motion to amend in response to motion to dismiss is not the appropriate response and "risk[s] abandoning the litigation.")[5] This would, of course, fly in direct contradiction to Local Rule 7-1 which requires a response to a 12(b) motion to be filed within 21 days, unless a motion to amend is filed as a matter of course. TEG was compelled to incur the extensive time and costs associated with carefully reviewing Max's Counterclaims, researching the applicable law in both Virginia and Indiana, and applying Max's Counterclaims to the law. If Max's Motion is granted, TEG's efforts are, in many respects, wasted, and both TEG and the Court become casualties of Max's improper pleading tactics. And, in the event Max's Motion for Leave is granted, and TEG is compelled to file a new motion to dismiss to Max's amended pleading, what prevents Max from, again, undertaking this very same litigation tactic? This type procedural maneuvering should not be permitted by this Court.

---

[5] In 2009, Rule 15(a) was amended to clarify that "the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f)." COMMITTEE NOTES ON RULE 15 —2009 Amendment. The *Alioto* Court, relying upon case law pre-dating the 2009 amendment, wrote that a "Rule 12(b)(6) is not a responsive pleading" and therefore "a plaintiff ordinarily retains the ability to amend his complaint once as a matter of right, even after a court grants a motion to dismiss." *Alioto,* 651 F.3d at 721. Since *Alioto,* the Seventh Circuit has applied the 2009 revisions and plain language of Rule 15(a) to find that once 21 days has passed since service of a Rule 12 motion, a plaintiff's right to amend changes from one guaranteed as a matter of course to one governed by Rule 15(a)(2). *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.,* 786 F.3d 510, 522-23 (7th Cir. 2015).

4

## II.     Max's Motion for Leave Should be Denied as Futile

A review of Max's proposed amendment shows that Max's Motion for Leave should be denied as futile. (Dkt. 56-1). TEG will not restate the arguments found in its MTD, but incorporates by reference those arguments, which Max's proposed amendment does not address and fails to rectify. (Dkt. 49-50).

"[T]he right to amend as a matter of course is not absolute" and the Court has broad discretion to deny leave to amend if amendment would be futile. *Butner v. Sec. Life of Denver Life Ins. Co.*, 2012 U.S. Dist. LEXIS 105363, at *2 (S.D. Ind. 2012); *Hertel v. Action Techs. Group*, 2021 U.S. Dist. LEXIS 38639, at *3-4 (S.D. Ind. 2021) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)). A proposed amendment is futile if it cannot withstand a Rule 12(b)(6) motion to dismiss. *Id.*

In its MTD, TEG explains why Max's Counterclaims I, II, V, VI, and VII, and its claim for attorney's fees, punitive damages, and costs, are properly dismissed. (Dkt. 49-50). In Max's proposed amended pleading, filed in response to TEG's MTD, Max asks the Court to permit it to add a series of legal conclusions and a regurgitation of legal elements to supposedly respond to TEG's positions. TEG will briefly address Max's proposed amendments, in turn.[6]

As it relates to TEG's arguments that Count I (breach of the SCLA) should be dismissed because the SCLA constitutes an "agreement to agree" and lacks valid consideration, Max, understandably, does not add any facts to withstand TEG's argument. Ultimately, there is nothing Max can do to retroactively alter the terms of the SCLA, which by its own terms, does not contain a present and sufficient exchange of legal consideration; instead, the SCLA states that the parties

---

[6] TEG notes that Max did not provide the Court a red-lined copy of the amended pleading. TEG has attempted to create such a copy and attaches it for the Court's ease of reference as **Exhibit 1**.

5

will agree, at a later date, to establish a fee structure. (Dkt. 50 at 4-7). Max seems to suggest that the SCLA was supported by valid consideration because Max shared source code with TEG that it allegedly would not have otherwise shared (which is belied by the JVA, pursuant to which the parties jointly created the software). But, even accepting Max's allegation as true and despite its inconsistency with Max's own allegations relating to the JVA, Max's proposed amendments do not address the lack of consideration flowing from TEG to Max, failing to recognize that consideration must go both ways. *Black & White Invs., LLC v. City of Fort Wayne*, 2023 U.S. Dist. LEXIS 172693, at *8 (N.D. Ind. 2023) ("[A] contract may only be formed where a mutuality of obligation exists.") Moreover, Max's proposed amendments, including legal conclusions such as "[t]he SCLA was not illusory or an 'agreement to agree,'" do not and cannot address the fact that the SCLA constituted an agreement to agree as to payment, a material term. (Dkt. 56-1 at 100).

As it relates to TEG's argument that Count II (breach of the EULA) should be dismissed because Max's own allegations contradict themselves and show that the EULA was not a binding agreement upon TEG, Max simply responds by adding the legal conclusions that "TEG is a 'user' to which the EULA applies" and that the "EULA is binding on TEG." (Dkt. 56-1, at ¶¶ 23, 41). Such legal conclusions need not be accepted by the Court, and Max does nothing to rectify its conflicting and deficient allegations pertaining to the EULA. For example, throughout Max's proposed amended pleading, it continues to allege that the Federal Government was intended to be the customer, or end user, of the parties' software, and that TEG was the exclusive distributor of the software. (Dkt. 56-1 at ¶¶ 50, 58, 61).

As it relates to TEG's argument that Count V (common law fraud) should be dismissed, Max does not add a single new fact to (a) rectify that Max's fraud claim is barred due to its contract claims, under Indiana or Virginia law, or (b) plead its fraud claim with specificity as required by

Fed. R. Civ. P. 9(b). Again, this is not surprising because there is nothing Max can allege that will alter Virginia's or Indiana's laws that bar a fraud claim based upon duties arising out of contract. (Dkt. 50 at 9-13). Instead, Max simply reiterates that TEG knew its statements were false when it allegedly misrepresented the amounts due from TEG to Max under the JVA, or made misrepresentations relating to TEG's alleged contractual duties. (Dkt. 56-1 at ¶¶ 175-180). Still missing are any specifics relating to the allegedly fraudulent statements, such as the "who, what, when, where, and how." *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009). Max's proposed amendments do not, and cannot, resuscitate Max's fraud claim.

In response to TEG's argument that Count VI (conversion) should be dismissed, Max has proposed to voluntarily withdraw its claim, apparently conceding the merits of TEG's position. Count VI should be dismissed with prejudice.

As it relates to TEG's argument that Count VII (unjust enrichment) should be dismissed, Max fails to add any new facts to withstand TEG's MTD. Rather, Max continues to bring its claim for unjust enrichment based upon the very same terms in which it brings its claims for breach of contract. (Dkt. 56-1 at 187-194). Even pled "in the alternative," Virginia and Indiana law do not permit Max's unjust enrichment claim to survive. (Dkt. 50 at 17-19).

Lastly, Max's claim for attorneys' fees, punitive damages, and costs remain unfounded, even accepting as true Max's proposed amendments. Virginia and Indiana do not permit recovery of attorneys' fees for the claims brought, and the facts do not warrant a plea for punitive damages. Max's proposed additions do nothing to alter the foregoing.

Max's Motion for Leave is vexing because it forces TEG to now re-apply its MTD arguments to Max's proposed amended pleading, in response to Max's one-and-a-half page Motion, without Max having ever replied to TEG's well-substantiated arguments. Max's actions

7

should not be permitted in this Court and Max's Motion for Leave should be denied. However, to be sure, a review of Max's proposed pleading makes abundantly clear that it cannot withstand a 12(b)(6) motion, and it would be a waste of the Court's resources to permit it to move forward.

## CONCLUSION

For the foregoing reasons, Plaintiff/Counter Defendant Triangle Experience Group, Inc. respectfully requests that this Court deny Max's Motion for Leave, dismiss Counts I, II, V, VI, and VII, with prejudice, strike Max Mind LLC's claim for punitive damages, attorneys' fees, and costs, and award TEG any and all further relief as may be just and proper.

Dated: August 2, 2024                                   Respectfully submitted,

*/s/   Richard D. Kelley*
Richard D. Kelley, Esq., *admitted pro hac vice*
Raighne C. Delaney, Esq., *admitted pro hac vice*
Stephen D. Caruso, Esq., *admitted pro hac vice*
BEAN, KINNEY & KORMAN, PC
2311 Wilson Boulevard, Suite 500
Arlington, VA  22201
Tel: (703) 525-4000
Fax: (703) 525-2207
rkelley@beankinney.com
rdelaney@beankinney.com
scaruso@beankinney.com

Marc T. Quigley, Atty. No. 21054-53
KRIEG DeVAULT LLP
12800 North Meridian Street, Suite 300
Carmel, Indiana  46032
Tel: (317) 566-1110
Fax: (317) 636-1507
mquigley@kdlegal.com

Alexandra Wilson Pantos, Atty. No. 37003-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
Tel: (317) 636-4341
Fax: (317) 636-1507
awilson@kdlegal.com

*Attorneys for Plaintiff/Counter Defendant Triangle Experience Group, Inc.*