**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS**

**1:24-cv-00650**

TRIANGLE EXPERIENCE GROUP, INC.,

                Plaintiff,

v.

MAX MINDS, LLC,

                Defendant.

---

## REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Defendant/Counter Plaintiff MAX MINDS, LLC ("Max") by and through its undersigned

counsel, hereby files its reply in further support of the Motion for Leave to Amend filed by Max

(ECF 56), and in reply to the opposition filed by Plaintiff/Counter Defendant TRIANGLE

EXPERIENCE GROUP INC.'s ("TEG").

### I.      INTRODUCTION

On December 28, 2023 TEG filed its Complaint against Max in the United States District

Court for the Eastern District of Virginia. (ECF 1). In response Max filed its Motion to Dismiss,

or Alternatively to Transfer Venue. (ECF 12). A hearing was held on April 12, 2024, thereafter

the Court granted Max's Motion to Transfer Venue and the case was transferred to the Southern

District of Indiana. (ECF 18 & 19).

On May 10, 2024, Max filed its Answer, Affirmative Defenses and Counterclaims. [ECF

37]. On June 21, 2024, TEG filed a Motion to Dismiss Max's Counterclaims and a Motion to

Strike Max's Affirmative Defenses. (ECF 49 and 51).

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS

On July 3, 2024, Max filed an unopposed motion for extension of time to respond to TEG's Motion to Dismiss Max's Counterclaim and TEG's Motion to Strike Max's affirmative defenses. (ECF 53). On July 9, 2024, the Court granted Max's motion for extension of time setting a deadline of July 19, 2024, to respond to the two motions. (ECF 55). On July 19, 2024, Max filed its motion for leave to amend the answer and counterclaims and attached as an exhibit the Proposed Amended Answer, Affirmative Defenses, and Counterclaims (the "Proposed Amended Answer"). (ECF 56, Exhibit 1).

The case management plan, agreed to by the parties and ordered by this Court, provides that motions for leave to amend should be filed no later than September 13, 2024. [ECF 47 at p. 3]. Max's Motion for Leave to Amend states that "[i]n response to TEG's Motion to Dismiss, Max seeks leave of Court to amend its Answer and Affirmative and Other Defenses and Counterclaim." (ECF 56 ¶ 5).

Plaintiff's motion for leave is timely and leave should be freely granted. The Proposed Amended Answer addresses issues raised in TEG's Motion to Strike Affirmative Defenses and Motion to Dismiss.

## II.      ARGUMENT

### A.      LEGAL STANDARD

Fed. R. Civ. P. 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires." "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.")

Under this rule, a plaintiff should "be given every opportunity to cure a formal defect in his pleading … even [if] the court doubts that [a party] will be able to overcome the defects."

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS

*Huff v. Monroe Cty., Monroe Cty. Plan Comm'n, Monroe Cty. Planning Dep't*, 2022 U.S. Dist.

LEXIS 159294, at *2 (S.D. Ind. Sep. 2, 2022) (quoting *Runnion v. Girl Scouts of Greater Chi. &*

*Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015).

"In the absence of any apparent or declared reason -- such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely

given.'" *Foman,* 317 U.S. at 182. "Cases of clear futility at the outset of a case are rare."

*Runnion,* 786 F.3d at 519. "Amendment should be refused only if it appears to a certainty that [a

party] cannot state a claim." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377

F.3d 682, 687 (7th Cir. 2004) (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal*

*Practice and Procedure* § 1357 (2d ed. 1990)).

**B.      Max's Motion for Leave is Timely and is Supported by the Proposed**

**Amended Answer.**

Max has timely filed its motion for leave to address issues raised in TEG's Motion to

Strike Affirmative Defenses and Counterclaims. Max's prior counsel submitted the original

Answer, Affirmative Defenses, and Counterclaims (ECF 37) and Max's current counsel seeks to

address issues contained therein that were attacked in TEG's motions.

**1.      Max's Proposed Amendments to its Affirmative Defenses**

TEG's Motion to Strike Affirmative Defenses identified six of Max's affirmative

defenses and agreed that the affirmative defenses lacked factual support. Max's Proposed

Amended Answer adds necessary factual support to its Affirmative Defenses. **Exhibit 1** is a

redline version of the proposed amended answer that TEG moved to strike Max's unclean hands

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS

defense. (ECF 52 at p. 4). TEG reasoned that "Max's unclean hands defense simply states that 'TEG committed unconscionable and unethical acts while performing, and in the inducement of, the Joint Venture Agreement." (*Id.*). Max by added the following factual allegations in the Proposed First Amended Answer: (1) that TEG misrepresented revenue it had made from sales of Haptic Federal in 2020, 2021, and 2023; (2) that TEG provided support to customers who did not renew licenses and fraudulently hid that revenue from Max; (3) that TEG refused to work collaboratively with Max; (4) that TEG engaged in unauthorized and/or illegal license distribution; and (5) that TEG backdated customer's computers to provide extended licenses not authorized by Max. (ECF 56-001 at p. 28-29).

TEG moved to strike Max's Contributory Fault and Speculative Damages defenses as a legally invalid defenses and lacking factual support. (ECF 52 at p. 5 and 7). Max removed both defenses from its Proposed Amended Answer.

TEG moved to strike Max's unjust enrichment defense because "Max's unjust enrichment defense simply states that 'TEG's claims are barred, in whole or part, because the relief sought would unjustly enrich TEG'…" (ECF 52 at p. 6).  Max added allegations that TEG would be unjust enriched if Max was required to pay TEG 50% of its revenue from sales of its non-commercial software which TEG has no right to, and that TEG is currently being unjustly enriched by its continued control and distribution of Max's software. (ECF 56-001 at p. 29-30).

TEG moved to strike Max's Failure to Mitigate Damages affirmative defense. (ECF 52 at p. 6-7). Max's proposed amendment alleges that Max first supplied TEG with software in 2020 and, despite alleging that it has never received a working version of the software, TEG took no action until the instant lawsuit was filed, to mitigate the damage allegedly caused by MAX's failure to provide a working version of the software. (ECF 56-001 at p. 30).

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS

TEG moved to strike Max's contractual estoppel affirmative defense.  TEG argued that contractual estoppel is not a proper affirmative defense. (ECF 52 at p. 8). Max disagreed.  Mas supported this affirmative defense with facts and it is legally sufficient. No change was needed.

### 2.    Max's Amendments to its Counterclaims

TEG moved to dismiss Count I of Max's counterclaim, breach of contract under the SCLA, for lack of consideration or as an agreement to agree. (ECF 50 at p. 4-7). Max's proposed amended counterclaim adds allegations in paragraphs 84 through 92 demonstrating consideration and validity of the SCLA. Max had no prior obligation to share its source code with TEG and that Max only shared its source code with TEG because TEG signed the SCLA. (ECF 56-001 at p. 45-46).  The Proposed Amended Counterclaim asserts that the SCLA was not illusory or an agreement to agree because without the SCLA, MAX would never have disclosed its source code to TEG. (ECF 56-1 at p. 47).

TEG moved to dismiss Count II of Max's Counterclaims, Breach of Contract under the EULA. TEG argued that it "was never intended to be or act as the end user and the EULA is not binding upon TEG." (ECF 50 at p. 8). Max explained in its Proposed Amended Counterclaims that TEG requested that Max make TEG a user of the Haptic software so that TEG could login to its account where it was required to accept the terms of the EULA, and where TEG manifested its assent to the EULA and its intent to be bound by the EULA. (ECF 56-001 at p. 34-35).

TEG moved to dismiss Count V of Max's Counterclaim, Common Law Fraud arguing that the conduct alleged was breach of contract and not actually fraud, and also that Max failed to plead fraud with particularity. (*See* ECF 50 at p. 10-14). Max's Proposed Amended Counterclaim elaborates on its fraud claim pointing out that TEG made these representations, not in breach of a contractual duty, but so that Max would continue its relationship with TEG despite TEG's

repeated malfeasance. (ECF 56-001 at p. 60). Max explains the purpose for which each misrepresentation was made in paragraphs 175 through 178 of its proposed amendments to its counterclaims.

TEG moved to dismiss Count VII of Max's Counterclaim for unjust enrichment. TEG argued that Count VII improperly incorporated the proceeding paragraphs from Max's counterclaims, which include allegations of the existence of multiple contracts between the parties. (ECF 50 at p. 23-23). Max's addresses these arguments in paragraph 186 of its proposed amended counterclaim. (*See* ECF 56-001 at p. 61). Max states that "the unjust enrichment claimed herein in the alternative concerns either (1) conduct for which there is no contract between the parties, or (2) the contract between the parties that concerns such conduct is determined to be unenforceable." (*Id.*). Max further acknowledges that TEG has argued many of the agreements are unenforceable. (*See e.g.,* ECF 50 at p. 9-13).

Max's Motion for Leave and Proposed Amended Counterclaim directly addressed every single argument in TEG's Motion to Dismiss and its Motion to Strike.

### C.      The Proposed Amendment is Not Futile.

"[C]ases of clear futility at the outset of a case are rare…" *Huff*, 2022 U.S. Dist. LEXIS at *2. "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend..." *Barry Aviation*, 377 F.3d at 687 (emphasis added). As outlined above, Max's amendments to its Affirmative Defenses and Counterclaims were carefully and thoughtfully made and are most definitely not futile on their face.

TEG incorporates its Motion to Dismiss and the fact-based arguments contained in that motion in its Opposition to Max's Motion for Leave to Amend. (ECF 61 at p. 5). The Proposed

Amended Counterclaim is not a second attempt for the court to hear TEG's motion to dismiss. The standard is futility, and under that standard the proposed amended pleading must be futile, to a certainty, on its face. *Id.* TEG essentially recites its Motion to Dismiss rather than addressing why the proposed changes are futile.

While Max believes that its demonstration of the changes it made in its proposed amended affirmative defenses and counterclaims above are sufficient, Max will go further to demonstrate to a certainty that its amendment is not futile.

For example, TEG moved to dismiss Max's counterclaim for Breach of the SCLA arguing that the agreement lacked consideration and was an invalid "agreement to agree."  Lack of consideration is not a proper basis for a Rule 12(b)(6) motion in Indiana. Courts in Indiana "[treat] lack of consideration as an affirmative defense." *Ahepa Nat'l Hous. Corp. v. Ahepa 53-Ii*, 2020 U.S. Dist. LEXIS 140549, at \*11 (S.D. Ind. Aug. 6, 2020) (denying motion to dismiss based on lack of consideration). "A plaintiff [or counter plaintiff] is not required to anticipate and overcome affirmative defenses in the complaint." *Id.* (*citing Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009).

Many other examples could be given, but the point is that Max added considerable factual support to its Proposed Amended Counterclaim to overcome a future motion to dismiss by TEG.  The Proposed Amended Counterclaim is not futile, and TEG does not address how the changes are futile in its motion.

**D.      Denying Max's Motion for Leave to Amend would be contrary to the Federal Policy of Deciding cases on their Merits**

Denying Max's motion for leave to amend would be contrary to the federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities …"

*Barry Aviation Inc. v. Land O'Lakes Municipal Airport* Comm'n, 377 F.3d 682, 687 (7th Cir. 2004) (quoting 5A Charles Alan Wright & Artur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

Max timely filed its motion for leave to amend. Max's original answer and affirmative defenses were drafted and filed by Max's prior counsel. Max should be entitled to respond to the issues raised in TEG's Motion to Strike Affirmative Defenses and Motion to Dismiss by way of amendment.

WHEREFORE, Defendant MAX MINDS, LLC's requests that its Motion for Leave to Amend the Answer and Counterclaim be granted and for such other and further relief deemed equitable or necessary.

Dated: August 16, 2024                    Respectfully submitted,


                                          /s/  J. Campbell Miller
                                          J. CAMPBELL MILLER
                                          Bar Number: 38279-49
                                          campbell.miller@sriplaw.com

                                          **SRIPLAW, P. A.**
                                          231 South Rangeline Road
                                          Suite H
                                          Carmel, Indiana 46032
                                          332.600.5599 – Telephone
                                          561.404.4353 – Facsimile

                                          JOEL B. ROTHMAN (*pro hac vice*)
                                          joel.rothman@sriplaw.com

                                          **SRIPLAW, P. A.**
                                          21301 Powerline Road
                                          Suite 100
                                          Boca Raton, Indiana 33433
                                          561.404.4335 – Telephone
                                          561.404.4353 – Facsimile

                                          JOSEPH A. DUNNE (*pro hac vice*)

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS

joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
175 Pearl Street
Third Floor
Brooklyn, Indiana 11201
929.200.8446 – Telephone
561.404.4353 – Facsimile

PHILIP D SEVER
Bar Number: 25384-49
phil@landownerattorneys.com

**SEVER, STORY, WALKER**
742 South Rangeline Road
Carmel, IN  46032
317.961.1202 - Telephone

*Counsel for Defendant/Counter Plaintiff Max Minds, LLC*

9