UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS

1:24-cv-00650

TRIANGLE EXPERIENCE GROUP, INC.,

        Plaintiff,

v.

MAX MINDS, LLC,

        Defendant.

_____

## RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY RULING

Defendant/Counter Plaintiff, Max Minds, LLC ("Max"), by and through its undersigned counsel, hereby files its Opposition to Plaintiff/Counter Defendant Triangle Experience Group Inc.'s ("TEG"), Motion for Summary Ruling on its Motion to Dismiss and Motion to Strike (ECF 60), and states as follows:

TEG's motion is based on a false premise, namely that Max failed to respond to TEG's Motion to Dismiss and Motion to Strike Affirmative Defenses. (ECF 49-52). Max did respond. In Max's Motion for Leave to Amend, Max said "TEG filed its Motion to Dismiss Max's Counterclaim (ECF 49) and its Motion to Strike Max's Affirmative Defenses (ECF 51) on June 21, 2024. In response to TEG's Motion to Dismiss, Max seeks leave of Court to amend its Answer and Affirmative and Other Defenses and Counterclaim." (ECF 56).

The local rule at issue provides: "(5) Summary Ruling on Failure to Respond. The court may summarily rule on a motion if an opposing party does not file a response within the deadline." S.D. Ind. L.R. 7-1. Max responded within the deadline. Therefore, the local rule was not violated and there is no basis for the entry of a summary ruling under the local rule.

The local rule simply codifies the well understood notion that "failure to respond to a motion waives any opposition." *Wyatt v. Five Star Tech. Sols., LLC*, No. 1:20-cv-03198-JMS-MG, 2021 U.S. Dist. LEXIS 210239, at *7 (S.D. Ind. Nov. 1, 2021) ("Mr. Wyatt did not respond to Five Star's Petition, and has therefore waived any opposition.") That notion is not unique to the Southern District of Indiana. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument...results in waiver."); *De v. City of Chicago*, 912 F. Supp. 2d 709, 734 (N.D. Ill. 2012) ("Failure to set forth any evidence or to develop any arguments in opposition to the moving party's [motion] results in waiver.").

TEG would have this Court believe that Max waived any opposition to TEG's motion to dismiss and motion to strike by responding in the form of a motion for leave to amend. Of course, it is not true that Max did not respond, it did. And furthermore, applying waiver in this situation would be odd since leave to amend in response to a motion to dismiss and a motion to strike is, of course, freely given. See Fed. R. Civ. P. 15(a)(2) ("the court should freely give leave [to amend] when justice so requires"); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.")

TEG cannot point to any "undue delay, bad faith or dilatory motive" on the part of Max in responding by amending. To the contrary, the amendments were proposed in good faith to cure TEG's claimed defects and moot TEG's motions to dismiss and strike. The likelihood that Max's amendment would be refused under the circumstances are remote if not completely nonexistent. *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)( "Amendment should be refused only if it appears to a certainty that [a party] cannot state a claim.")

TEG's motion is therefore nothing more than gamesmanship. The cases interpreting the local rule universally hold that courts prefer to decide motions on the merits rather than technicalities. See *Lakhwant Singh v. Ind. State Excise Police*, 2023 U.S. Dist. LEXIS 86140, at *7 (S.D. Ind. May 17, 2023); *Atkinson v. Skyline Servs.*, 2018 U.S. Dist. LEXIS 213193, at *5 (S.D. Ind. Dec. 18, 2018); *Brookshire Mgmt. v. ADT LLC/Defenders, Inc.*, 2022 U.S. Dist. LEXIS 177209, at *9 (S.D. Ind. Sep. 29, 2022).

In fact, even where this Court has granted motions for summary ruling under Local Rule 7-1(c)(5), they have done so without prejudice to the non-moving party seeking leave to amend. *See Yes Lighting LLC v. PSG Energy Grp, LLC*, 2019 U.S. Dist. LEXIS 202169, at *2 (S.D. Ind. Nov. 21, 2019).

For these reasons, the motion should be denied.

Dated: August 16, 2024                                  Respectfully submitted,

*/s/  J. Campbell Miller*
J. CAMPBELL MILLER
Bar Number: 38279-49 (IN)
campbell.miller@sriplaw.com

**SRIPLAW, P. A.**
231 South Rangeline Road
Suite H
Carmel, Indiana 46032
332.600.5599 – Telephone
561.404.4353 – Facsimile

JOEL B. ROTHMAN (*pro hac vice*)
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, Indiana 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

JOSEPH A. DUNNE (*pro hac vice*)
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
175 Pearl Street
Third Floor
Brooklyn, Indiana 11201
929.200.8446 – Telephone
561.404.4353 – Facsimile

PHILIP D SEVER
Bar Number: 25384-49
phil@landownerattorneys.com

**SEVER, STORY, WALKER**
742 South Rangeline Road
Carmel, IN  46032
317.961.1202 - Telephone

*Counsel for Defendant/Counter Plaintiff Max Minds, LLC*