UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRIANGLE EXPERIENCE GROUP, INC., | ) |
| | ) |
| Plaintiff/Counter Defendant, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00650-JPH-MG |
| | ) |
| MAX MINDS, LLC, | ) |
| | ) |
| Defendant/Counter Claimant. | ) |

**TRIANGLE EXPERIENCE GROUP, INC'S REPLY BRIEF IN FURTHER SUPPORT
OF ITS MOTION FOR SUMMARY RULING**

Plaintiff/Counter-Defendant Triangle Experience Group, Inc. ("TEG"), by counsel and pursuant to Local Rule 7-1(c)(3), files its Reply to in support of its Motion for Summary Ruling Relating to its Motion to Dismiss and Motion to Strike ("TEG's Motion," Dkt. 60). In support thereof, TEG states as follows.

TEG's Motion requests that the Court enter a summary ruling and grant TEG's Motions to Dismiss and Strike (Dkt. 49-50; Dkt. 51-52), to which Defendant/Counter-Claimant Max Minds, LLC's ("Max") did not respond, in accordance with the Local Rules and applicable case law. *See* S.D. Ind. L.R. 7-1(c)(2), (3), (5); *see, e.g., Alioto v. Town of Lisbon,* 651 F.3d 715, 722 (7th Cir. 2011) ("Given that [plaintiff] no longer re-tained the right to amend his complaint, the appropriate response to the motions to dismiss was to oppose the motions or risk abandoning the litigation.") Max takes the position that it *did* respond to TEG's Motions to Dismiss and Strike when it filed its Motion for Leave to Amend Answer and Counterclaim (Dkt. 56), but such a position is directly contrary to Local Rule 7-1(a). S.D. Ind. L.R. 7-1(a); *see also* Fed. R. Civ. P. 7(b). Indeed, Local Rule 7-1(a) dictates that a "motion must not be contained within a brief, response, or reply to a

previously filed motion, unless ordered by the Court," which is precisely what Max claims it did. *Id.* In other words, either (a) Max did not file a response to TEG's Motions to Dismiss or Strike and thereby waived any opposition thereto; or (b) Max's "response" was contained in its Motion for Leave, which violates Local Rule 7-1(a), and Max waived any objection to TEG's Motion due to its failure to substantively respond in its Motion. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Under either theory, TEG's Motion is properly granted.[1]

Although a showing of prejudice is not required for the Court's consideration of TEG's Motion, TEG will face prejudice if Max is allowed to proceed without responding, as it has done here. If TEG's Motion is denied, and Max's Motion for Leave is granted, TEG will be compelled to file two motions to dismiss in response to two separate complaints without being heard on its first dispositive motion and without Max ever substantively responding thereto. TEG would be forced to incur the expense and burden of responding, again, to Max's altered allegations simply because Max chose, improperly, not to respond. If Max is permitted to "respond" to a dispositive motion by filing a cursory and unsupported motion for leave (in violation of L.R. 7-1(a)), what is stopping Max from doing this anytime it receives a dispositive motion? It would be a waste of the Court's and parties' resources to not consider TEG's pending Motions to Dismiss and Strike when the dismissal of Max's disputed claims and defenses may be inevitable.

Moreover, Max does not address that it has conceded that its count for Conversion is properly dismissed, with prejudice, or that its affirmative defenses of "Contributory Fault" and "Speculative Damages" are properly stricken. *See* Max's Proposed Amended Pleading (Dkt. 67-

---

[1] If the Court accepts Max's position that its Motion for Leave was a "response" to TEG's Motions to Dismiss and Strike, then Max's Motion for Leave is properly denied for violating Local Rule 7-1(a). *See, e.g., Wells v. Napolitano*, Case No. 1:13-cv-0527, 2013 U.S. Dist. LEXIS 165323, at *7 (S.D. Ind. Nov. 21, 2013) (denying motion contained within response to motion to dismiss for failure to comply with S.D. Ind. L.R. 7-1(a)).

1). This concession makes it necessary to rule upon TEG's Motions to Dismiss and Strike before considering Max's Motion for Leave (should the Court choose to do so).

Lastly, Max cites to the cases of *Lakhwant Singh*, *Atikinson*, and *Brookshire Management* for the proposition that the Court prefers to decide motions on the merits rather than technicalities. *Lakhwant Singh v. Ind. State Excise Police*, No. 1:22-cv-00474, 2023 U.S. Dist. LEXIS 86140, at *7 (S.D. Ind. May 17, 2023); *Atkinson v. Skyline Servs.*, No. 2:18-cv-00491, 2018 U.S. Dist. LEXIS 213193, at *5 (S.D. Ind. Dec. 18, 2018); *Brookshire Mgmt. v. ADT LLC/Defenders, Inc.*, No. 1:22-cv-01086, 2022 U.S. Dist. LEXIS 177209, at *9 (S.D. Ind. Sep. 29, 2022). But in those cases, the Court reached the very same result that TEG requests: The Court considered the defendants' motions to dismiss, which plaintiffs did not respond to, and dismissed the plaintiffs' respective claims, and in many instances, with prejudice. *Id.* TEG submits that the same result should be reached here.[2]

## CONCLUSION

For the foregoing reasons, and those articulated in TEG's Motion for Summary Ruling relating to TEG's Motion to Dismiss and Motion to Strike (Dkt. 60), Defendant Triangle Experience Group, Inc. respectfully requests that this Court grant TEG's Motion for Summary Ruling, dismiss Max's Counterclaims I, II, V, VI, and VII, with prejudice, strike Max Mind LLC's claim for punitive damages, attorneys' fees, and costs, strike Max's affirmative defenses 5, 7, 8, 9, 10, and 12, and award TEG any and all further relief as may be just and proper.

---

[2] The *Brookshire* Court reminded counsel "of their obligation to comply with applicable procedural rules" and "warned that they should not depend upon the Court's lenience going forward." *Brookshire Mgmt.*, 2022 U.S. Dist. LEXIS 177209 at *9.

3

Dated: August 23, 2024                      Respectfully submitted,

                                            /s/    *Richard D. Kelley*
Richard D. Kelley, Esq., *admitted pro hac vice*
Raighne C. Delaney, Esq., *admitted pro hac vice*
Stephen D. Caruso, Esq., *admitted pro hac vice*
BEAN, KINNEY & KORMAN, PC
2311 Wilson Boulevard, Suite 500
Arlington, VA 22201
Tel: (703) 525-4000
Fax: (703) 525-2207
rkelley@beankinney.com
rdelaney@beankinney.com
scaruso@beankinney.com

Marc T. Quigley, Atty. No. 21054-53
KRIEG DeVAULT LLP
12800 North Meridian Street, Suite 300
Carmel, Indiana 46032
Tel: (317) 566-1110
Fax: (317) 636-1507
mquigley@kdlegal.com

Alexandra Wilson Pantos, Atty. No. 37003-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
Tel: (317) 636-4341
Fax: (317) 636-1507
awilson@kdlegal.com

*Attorneys for Plaintiff/Counter Defendant*
*Triangle Experience Group, Inc.*