UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRIANGLE EXPERIENCE GROUP, INC., | ) |
| Plaintiff/Counter Defendant, | ) |
| v. | ) Case No. 1:24-cv-00650-JPH-MG |
| MAX MINDS, LLC, | ) |
| Defendant/Counter Claimant. | ) |

**TRIANGLE EXPERIENCE GROUP, INC'S**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff/Counter Defendant Triangle Experience Group, Inc. ("TEG"), by counsel and pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Local Rule 15-1 and the Case Management Plan Section III(D) (Dkt. 42), files its Motion for Leave to Amend its original complaint against Max Minds, LLC ("Max") (Dkt. 1), stating as follows:

**INTRODUCTION**

On December 28, 2023, TEG filed its original Complaint in this matter. (Dkt. 1). On May 10, 2024, Max filed its Answer and Affirmative and Other Defenses and Counterclaims to TEG's original complaint. (Dkt. 37). Since the filing of those documents, TEG has learned of other facts related to Max's conduct which, TEG believes, should be included in TEG's allegations and causes of action in this matter.

Specifically, in March and April of 2024, Max filed applications for and obtained copyright registrations for various versions of the Haptic software at issue in this case. TEG was unaware of this activity and asserts that Max improperly failed to list TEG as a co-author and co-claimant in

each of these registrations.[1] As such, TEG's First Amended Complaint adds a count (Count VI) for Declaratory Judgment – Cancellation of Copyright Registrations. TEG's proposed First Amended Complaint is attached hereto as **Exhibit 1.** TEG's redline showing the differences between the original complaint and the proposed First Amended Complaint is attached hereto as **Exhibit 2.**[2]

## LEGAL STANDARD

A party may amend its pleading once as a matter of course if it does so within 21 days after serving its complaint or within 21 days after service of a motion under 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2). The United States Supreme Court instructs that:

> if the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowances of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.' . . . . [O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 178, 182, 83 (1962). "Absent showing of prejudice, mere delay in commencement of action should not ordinarily operate to preclude motion to amend complaint. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 19 Fed. R. Serv. 2d (Callaghan) 521, 1974 U.S.

---

[1] Max has known of TEG's claims of joint development, authorship and ownership of the source code and software related to this matter since well before of TEG's filed its original complaint.

[2] As noted in Exhibit 2, for convenience and efficiency since the transfer of this matter from the Eastern District of Virginia to the Southern District of Indiana, TEG has also made various non-substantive changes to the original complaint.

2

App. LEXIS 7462 (7th Cir. 1974), cert. denied, 419 U.S. 1070, 95 S. Ct. 657, 42 L. Ed. 2d 666, 1974 U.S. LEXIS 3723 (1974), app. after remand, 706 F.2d 204, 1983 U.S. App. LEXIS 28725 (7th Cir. 1983). The "degree of prejudice to the opposing party is a significant factor" in determining whether a motion to amend should be granted. *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 928 (7th Cir. 1999).

## ARGUMENT

Because Max did not file for and obtain copyright registrations until months after TEG filed its original Complaint, TEG could not have known about Max's improper activity at the time of its original complaint. Since having learned of this improper conduct, TEG has amended its original Complaint to include new allegations and a new count for Declaratory Judgment – Cancellation of Copyright Registrations. The amendment to include these new allegations and count is, therefore, both proper and justified. In addition, the deadline for filing a motion for leave to amend the pleadings in this case is September 13, 2024, which has not yet expired. *See* Case Management Plan Section III(D) (Dkt. 42). TEG's Amended Complaint sets forth sufficient facts to state a viable claim and is not being done for a bad-faith or other dilatory purpose.

Moreover, despite being initially filed in December 2023, this matter is still in the initial stages of discovery due to the transfer of venue ordered by the Eastern District of Virginia. Given that this matter is still in the initial stages of discovery, Max will suffer no material prejudice if this motion is granted. The Court has yet to decide various motions filed as responsive pleadings and the parties have not answered the initial discovery requests. As Max will not suffer any prejudice in relation to TEG's filing of its First Amended Complaint, TEG's Motion should be granted.

## CONCLUSION

For the foregoing reasons, TEG requests that the Court grant its Motion for Leave to File an Amended Complaint.

Dated: September 13, 2024                          Respectfully submitted,

/s/ Richard D. Kelley
Richard D. Kelley, Esq., *admitted pro hac vice*
Raighne C. Delaney, Esq., *admitted pro hac vice*
Stephen D. Caruso, Esq., *admitted pro hac vice*
Samuel J. Banks, *admitted pro hac vice*
BEAN, KINNEY & KORMAN, PC
2311 Wilson Boulevard, Suite 500
Arlington, VA 22201
Tel: (703) 525-4000
Fax: (703) 525-2207
rkelley@beankinney.com
rdelaney@beankinney.com
scaruso@beankinney.com

Marc T. Quigley, Atty. No. 21054-53
KRIEG DeVAULT LLP
12800 North Meridian Street, Suite 300
Carmel, Indiana 46032
Tel: (317) 566-1110
Fax: (317) 636-1507
mquigley@kdlegal.com

Alexandra Wilson Pantos, Atty. No. 37003-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
Tel: (317) 636-4341
Fax: (317) 636-1507
awilson@kdlegal.com

*Attorneys for Plaintiff/Counter Defendant
Triangle Experience Group, Inc.*