# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRIANGLE EXPERIENCE GROUP, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MAX MINDS, LLC,<br><br>    Defendants. | Case No. 1:24-cv-00650-JPH-MG<br><br>JURY TRIAL DEMAND |

### AMENDED STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of the parties, the Court finds good cause for the following Stipulated Protective Order (the "Protective Order" or "Order"). It is hereby ordered by the Court that the following restrictions and procedures shall apply to documents and information supplied in response to discovery requests or otherwise produced in this case:

**1. Definitions.**

 (a) "Discovery Material(s)" means all documents (including those produced electronically), depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, examinations of premises, facilities and physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the Parties to this action.

 (b) "Protected Discovery Material" means CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL (AEO) Discovery Material, and HIGHLY CONFIDENTIAL (AEO) – SOURCE CODE Discovery Material.

 (c) "Producing Party" shall refer to the Party or non-party producing Discovery Materials.

 (d) "Non-Producing Party" shall refer to the Party receiving Discovery Materials.

1

(e) "CONFIDENTIAL Discovery Material" means Discovery Material designated as "CONFIDENTIAL" under the terms of this Protective Order and may include Discovery Material containing the following information: trade secrets, confidential or proprietary financial information, operational data, business plans, competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this Protective Order, may subject the Producing Party to competitive or financial injury or potential legal liability to third parties. Correspondence and other communications between the Parties or with non-parties may be designated as "CONFIDENTIAL" if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

(f) "HIGHLY CONFIDENTIAL (AEO) Discovery Material" means any "CONFIDENTIAL Discovery Material" that a Producing Party reasonably and in good faith believes constitutes or contains competitively sensitive business and/or customer proprietary information that warrants a heightened level of confidentiality (e.g., trade secret material).

(g) "HIGHLY CONFIDENTIAL (AEO) – SOURCE CODE Discovery Material" means any "CONFIDENTIAL Discovery Material" that a Producing Party reasonably and in good faith believes constitutes or contains a party's confidential, proprietary, and/or trade secret source code or object code (hereafter collectively called "Source Code").

(h) "Protective Order" means this Stipulated Protective Order.

**2.  Designation of Discovery Materials.**

(a) Any Producing Party that reasonably and in good faith believes that the information to be produced meets the definition of CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL (AEO) Discovery Material, or HIGHLY CONFIDENTIAL (AEO) – SOURCE CODE Discovery Material may so designate such information.

(b) Paper documents, PDF files, scanned images, TIFF Images, and other material containing Protected Discovery Material shall be so designated by affixing a legend stating "CONFIDENTIAL", "HIGHLY CONFIDENTIAL (AEO)", or "HIGHLY CONFIDENTIAL (AEO) – SOURCE CODE" (as appropriate) to each page of the material.  The legend shall be affixed so as not to obscure or deface any portion of the information contained in the material.

(c) For documents produced natively or in an electronic format that do not have pages that can be individually stamped as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL (AEO)," or "HIGHLY CONFIDENTIAL – (AEO) SOURCE CODE" the file name of the produced material shall state that the file is "CONFIDENTIAL", "HIGHLY CONFIDENTIAL (AEO)", or "HIGHLY CONFIDENTIAL (AEO) – SOURCE CODE" (as appropriate).

    (d)    For deposition testimony and exhibits, any of the Parties may designate any testimony or exhibits deemed to be CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL (AEO) Discovery Material, or HIGHLY CONFIDENTIAL – (AEO) SOURCE CODE Discovery Material by advising the court reporter of such designation.  The reporter shall then mark the "CONFIDENTIAL", "HIGHLY CONFIDENTIAL (AEO)", or "HIGHLY CONFIDENTIAL – (AEO) SOURCE CODE" portions of the transcript or exhibit as such.  Each Party also shall have fifteen (15) days from the receipt of the rough draft of the deposition transcript to designate any testimony contained therein as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL (AEO)", or "HIGHLY CONFIDENTIAL – (AEO) SOURCE CODE."  If any portion of a videotaped deposition is designated as confidential, the DVD or other videotape container shall be labeled with the appropriate legend and the filename of the electronic video file shall state that the file is "CONFIDENTIAL", "HIGHLY CONFIDENTIAL (AEO)", or "HIGHLY CONFIDENTIAL – (AEO) SOURCE CODE" (as appropriate).

**3.**    **Unintentional Failure to Designate.**  If a Producing Party inadvertently or unintentionally produces any document or information without marking it as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL (AEO)," or "HIGHLY CONFIDENTIAL – (AEO) SOURCE CODE," the Producing Party shall, within 15 days of the discovery of the inadvertent production, give notice to the Non-Producing Party in writing and thereafter the Non-Producing Party shall treat the document as CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL (AEO) Discovery Material, or HIGHLY CONFIDENTIAL – (AEO) SOURCE CODE Discovery Material as the case may be.  Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter.

**4.**    **Access to Protected Discovery Material.**

    (a)    CONFIDENTIAL Discovery Materials shall be available only for examination by:

        (i)    Outside counsel of record for the Parties, and other attorneys, clerical, paralegal, and other staff employed by such outside counsel;

        (ii)    the Court, the Court's staff (including any special master appointed by the Court for this action), and administrative personnel of the Court;

        (iii)    court reporters and videographers;

        (iv)    any natural person who is a Party;

        (v)    for any Party that is an entity, the officers, board members, employees, or insurers of the Party who are actively involved in the prosecution or defense of this case and have a litigation-related need to know the contents of the CONFIDENTIAL Discovery Material;

      (vi)    any outside copying or document processing individual or organization (independent of the Parties) retained by a Party's attorneys to assist such attorneys in connection with this action;

      (vii)    to the extent not covered by paragraph 4(a)(v), the author, sender, or recipient of the Discovery Material;

      (viii)    independent experts, consultants, or vendors (including graphics or design services, and jury or trial consulting services) retained by a Party or a Party's attorney to assist in the prosecution, defense, or settlement of this action, but only to the limited extent that such persons reasonably need to see or otherwise receive the specific CONFIDENTIAL Discovery Material in order to perform their responsibilities; and

      (ix)    to the extent not covered by paragraph 4(a)(i)-(viii), any actual or potential witness, provided that there is a reasonable basis to believe that the witness will give relevant testimony regarding the CONFIDENTIAL Discovery Material, but only to the limited extent that such witness reasonably needs to see or otherwise receive the specific CONFIDENTIAL Discovery Material in order give such testimony;

      (x)    any other persons designated by written agreement of the Producing Party or by order of the Court.

(b)    HIGHLY CONFIDENTIAL (AEO) Discovery Materials shall be available only for examination by the persons identified in paragraph 4(a)(i), (ii), (iii), (vi), (vii), (viii), and (x) in the manner described in this Protective Order, and by a maximum of two (2) in-house attorneys for each Party who are identified and approved by the other party before any HIGHLY CONFIDENTIAL (AEO) Discovery Material is so disclosed.

(c)    HIGHLY CONFIDENTIAL – (AEO) SOURCE CODE Discovery Materials shall be available only for examination by the persons identified in paragraph 4(a)(i), (ii), (iii), (vi), (viii), and (x).

      (i)    A party desiring to disclose Source Code to persons identified in paragraph 4(a)(viii) shall give prior written notice to the producing party or non-party, who shall have ten (10) business days after such notice is given to object in writing. A party desiring to disclose Source Code to an independent expert or independent consultant must provide the following information for each: (i) name, address and curriculum vitae. No Source Code shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

(d)    Protected Discovery Materials may be displayed to, examined by, and discussed with the persons identified in paragraphs 4(a)(vi), (viii), (ix), and (x), only on the condition that prior to any such display, examination, or discussion, each such person shall be asked to sign an agreement to be bound by this Protective Order in

the form attached hereto as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit A</u>, the Party desiring to disclose the Protected Discovery Materials may seek appropriate relief from the Court. Counsel for the party providing Protected Discovery Materials to any person required to execute a copy of the form attached as <u>Exhibit A</u> shall be responsible for (i) obtaining and maintaining a copy of <u>Exhibit A</u> that is executed by the person required to sign <u>Exhibit A</u>, and (ii) promptly providing a copy of any executed <u>Exhibit A</u> to the Producing Party if signed by an individual who is receiving Protected Discovery Material pursuant to paragraph 4(a)(ix).

5. **Production of Highly Confidential – Source Code Discovery Materials.** Source Code that is designated "Highly Confidential (AEO) - Source Code" shall be made available for inspection and review subject to the following provisions, unless otherwise agreed by the Parties in writing:

    (a) All Source Code produced by a Producing Party shall be made available in native format (i.e., in the form in which data was originally created or typically maintained in the regular course of business). For source code files stored in source code repositories or version control systems (e.g., Subversion, Git, Mercurial, Perforce, etc.), a native copy of the source code repositories shall be produced in a compressed archive assigned a single Bates number and marked "Highly Confidential, (AEO) – Source Code" and produced in a way that will permit the receiving party to view the metadata contained in the source code repository or version control system about changes to the source code over time contained in the source code repository or version control system. Production of a backup copy of the repository, a restorable repository dump, a "clone" in a native format of the repository, or read-only access to any online systems used to store and manage a party's source code repositories is agreed to be sufficient for these purposes. For source code files stored outside of a source code repository or version control system (e.g., on a programmer's individual workstation, on a network attached storage device, etc.), such files will be produced in native format in a compressed archive that is assigned a single Bates number and marked "Highly Confidential (AEO) – Source Code." And retains any necessary folder structures used to organize the source code files.

    (b) Source Code files produced by a Producing Party shall be secured on an encrypted hard drive and sent to the Receiving Party's outside counsel and/or experts via certified and/or overnight delivery by a reputable courier (e.g. Fed Ex, UPS, etc.). The Producing Party shall provide the password for sent encrypted hard drives after the Receiving Party's outside counsel and/or expert confirms receipt.

    (c) Upon three (3) days advance notice by Receiving Party, Producing Party shall make available for use at a deposition a secured computer with the produced Source Code, and any software installed on the Source Code Computer pursuant to Paragraph 5(a), along with display devices for making the secured computer reasonably viewable by Counsel and the deponent.

(d)     The Receiving Party may include excerpts of Source Code in a expert report, discovery document, deposition transcript, or any drafts of these documents. The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. To the extent that portions of Source Code are quoted in a document, either (i) the entire document will be stamped "HIGHLY CONFIDENTIAL (AEO) – SOURCE CODE" or (ii) those pages containing the quoted Source Code will be separately bound, and stamped as "HIGHLY CONFIDENTIAL (AEO) – SOURCE CODE".

**6.**     **Use of Protected Discovery Materials.**

(a)     No Protected Discovery Materials shall be used or communicated by any Non-Producing Party for any purpose whatsoever other than (a) use in the prosecution, defense, trial and/or settlement of this matter, and (b) as necessary to comply with applicable law or a valid order of a court of competent jurisdiction. In the event of a disclosure required by law or court order, the Non-Producing Party will notify the Producing Party as promptly as practicable (and in any event, before making such disclosure required by law or court order), so the Producing Party can seek a protective order or other relief to ensure the confidential treatment of such information.

(b)     There shall be no reproduction whatsoever of any Protected Discovery Materials except that copies, excerpts, or summaries may be shown or given to those authorized to receive Protected Discovery Materials under paragraph 4(a) and (b) of this Order.

(c)     Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the Producing Party consents to such disclosure or if the Court, after notice to all affected Parties and non-parties, orders such disclosure.

(d)     Counsel for a Party or a non-party witness shall have the right to exclude from depositions any person who is not authorized to receive Protected Discovery Material pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Protected Discovery Material is being used or discussed.

(e)     This Protective Order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with S.D. Ind. L.R. 5-11.

(f)     Regarding the treatment of Protected Discovery Material at hearings (or other court proceedings other than trial), if a Non-Producing Party desires to use a Producing Party's Protected Discovery Material that was not filed as an exhibit to the Motion/Opposition/Reply (or any related briefing) at issue in the hearing, the Non-Producing Party shall notify the Producing Party of its intent to use such Material at least three business days before the hearing. If no agreement can be reached

    regarding the use of such material at the hearing, then the Court shall rule on the use of such Material before it is used in open court.  If a Non-Producing Party desires to use Protected Discovery Material that was filed as an exhibit to the Motion/Opposition/Reply (or any related briefing) at issue in the hearing, then it shall notify the Producing Party before such Material is used in open court and give the Producing Party an opportunity to object to such use.  Ultimately, the determination of the treatment of Protected Discovery Material at such hearing will be determined by the Court.

    (g)    Regarding the treatment of Protected Discovery Material at trial, the Parties should endeavor to address any concerns about the treatment of Protected Discovery Material at trial with the Court during the pre-trial conference.  Ultimately, the determination of the treatment of Protected Discovery Material at trial will be determined by the Court.

**7.**    **Challenge to Designation of Protected Discovery Material.**  If the Non-Producing Party objects to a designation as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL (AEO)," and/or "HIGHLY CONFIDENTIAL (AEO) – SOURCE CODE" it may in writing request that the designation be withdrawn.  If withdrawal is not stipulated to within 15 days, then the Non-Producing Party may seek an order determining whether the confidentiality designation is appropriate.  The designation shall remain in effect until the objection is resolved by the Court.  The Producing Party shall have the burden of showing entitlement to the "CONFIDENTIAL", "HIGHLY CONFIDENTIAL (AEO)", and/or "HIGHLY CONFIDENTIAL – (AEO) SOURCE CODE" designation.

**8.**    **Destruction of Protected Discovery Material.**

    (a)    Within 90 days after final resolution of this action (e.g., settlement of all claims or entry of a final judgment from which no appeal has been or can be taken) all documents and all copies of documents marked "CONFIDENTIAL", "HIGHLY CONFIDENTIAL (AEO)", and/or "HIGHLY CONFIDENTIAL (AEO) – SOURCE CODE" that are in the possession, custody, or control of a Non-Producing Party (including its experts, its attorneys, or others to whom the Non-Producing Party has provided Protected Discovery Material) shall be returned to the Producing Party or verified to have been destroyed, except as the Parties may otherwise agree in writing. No person or Party shall be deemed in breach of this paragraph unless a written demand for compliance has been made by the Producing Party and thirty days have elapsed without compliance.  Costs of return or destruction of documents subject to this Order shall be borne by the Party returning or destroying the documents.

    (b)    Prior to the expiration of the 90 days following the resolution of this action, a party may file a motion seeking an order upon which good cause be shown that the documents or certain documents should not be returned or destroyed, or that the Party should not bear the cost of their return or destruction.

    (c)    Notwithstanding the foregoing provisions of this paragraph 7, (i) outside counsel may retain a complete set of all discovery materials, deposition transcripts, deposition

exhibits, and documents filed with the Court in this matter, including documents containing unredacted Protected Discovery Material, and such material will continue to be subject to the protections of this Order, and (ii) material that contains Protected Discovery Material but that constitutes or reflects attorney work product may be retained by attorneys of record for the Parties (e.g., memoranda, deposition summaries, e-mails to clients), and such material will continue to be subject to the protections of this Order.

9.  **No Waiver.**  This Protective Order shall not be deemed a waiver of (a) any right to object to any discovery requests on any grounds; (b) any right to seek an order compelling discovery with respect to any discovery request; (c) any right at any proceeding in the Litigation to object to the admission of evidence on any ground; (d) any right of a Party to use its own documents with complete discretion; (e) any applicable rule of evidence; and/or (f) the Parties' option to reach an agreement between them to alter or waive the provisions or protections provided for herein with respect to any particular Protected Discovery Material.

10. **Effective Date and Term.**

    (a) The provisions of this Protective Order shall become effective upon entry by the Court; however, should Protected Discovery Material be produced and designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL (AEO)" and/or "HIGHLY CONFIDENTIAL (AEO) – SOURCE CODE" in the manner prescribed by this Protective Order prior to the entry of this Protective Order, the Protected Discovery Material shall be subject to, and governed by, the provisions of this Protective Order as though entered by the Court, and the Parties agree to be bound by the terms of this Protective Order as of the date of Parties' submission of a motion seeking entry of this Protective Order.

    (b) The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the litigation.

11. **Inadvertent Production of Privileged Material & F.R.E. 402(d).**  Disclosure of material (including documents, e-mail, and communications) in this litigation that is claimed to be covered by the attorney-client privilege or work-product protection shall not constitute a waiver of any such privilege or protection in this litigation or in any other federal or state proceeding. In the event any Producing Party discovers that any such material has been produced, the Producing Party must promptly notify the Non-Producing Parties of the claim that the material is covered by the attorney-client privilege or work-product protection and the basis for that claim. After being notified of the claim, the Non-Producing Party must promptly return the specified materials, and any copies thereof, to the Producing Party or verify that such material, including all copies, has been destroyed. If the Non-Producing Party disclosed the same to any non-party (e.g., an expert), the Non-Producing Party making such disclosure must take reasonable steps to retrieve the material and all copies.

12. **Use by Producing Party.** Nothing in this Protective Order shall be deemed to restrict in any manner the use by a Producing Party of any information in that Producing Party's own Discovery Materials.

13. **Modification.** This Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind this Protective Order notwithstanding the termination of this litigation. Any party may move the Court to modify, amend, enforce, interpret, or rescind any portion of this Protective Order, including amendment to permit trial witnesses access to trial exhibits and transcripts of testimony that are reasonably necessary to assist such witnesses in preparation for trial testimony.

14. **Contempt.** Violation of this order may be punishable by contempt.

It is so ORDERED.

Signed and entered this ____ day of _____, 2024.

                                                                 _____
                                                                 Mario Garcia
                                                         United States Magistrate Judge
                                                         Southern District of Indiana

Agreed as to Form and Content:

*/s/ Jay Campbell Miller*
Jay Campbell Miller
Joel B. Rothman (pro hac vice)
Joseph A. Dunne (pro hac vice)
*Counsel for Defendant*

*/s/ Samuel J. Banks*
  RICHARD DANIEL KELLEY
  (*admitted pro hac vice*)
  rkelley@beankinney.com
  RAIGHNE COLEMAN DELANEY
  (*admitted pro hac vice*)
  rdelaney@beankinney.com
  STEPHEN DANIEL CARUSO
  (*admitted pro hac vice*)
  scaruso@beankinney.com
  SAMUAL JOSEPH BANKS
  (*admitted pro hac vice*)
  sbanks@beankinney.com

**BEAN, KINNEY & KORMAN, PC**
2311 Wilson Boulevard, Suite 500
Arlington VA 22201
703.525.4000 – Telephone

and

ALEXANDRA WILSON PANTOS
Indiana Bar Number: 37003-49
awilson@kdlegal.com

**KRIEG DEVAULT LLP**
One Indiana Square, Suite 2800
Indianapolis, IN 46204
317.238.6341 – Telephone

317.636.1507 - Facsimile

and

MARC T. QUIGLEY
Indiana Bar Number: 21054-53
mquigley@kdlegal.com

**KRIEG DEVAULT LLP**
12800 North Meridian Street, Suite 300
Carmel, IN 46032
317.566.1110 – Telephone
317.636.1507 – Facsimile

*Counsel for Plaintiff Triangle Experience Group, Inc.*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| MAX MINDS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>TRIANGLE EXPERIENCE GROUP, INC.,<br>ROBERT CLARE, JEFFREY MASE,<br>KEVIN MULLICAN,<br><br>      Defendants. | Case No. 1:24-cv-00779-JPH-MG<br><br>JURY TRIAL DEMAND |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

Name: _____

Company/Firm Affiliation: _____

Address: _____

    I hereby certify that I have read the attached Agreed Protective Order ("Protective Order") entered in the above-referenced action and agree to be bound by its terms. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I acknowledge that I cannot use any of the Protected Discovery Material that is the subject of this Protective Order for any purpose other than as allowed by the Protective Order. I will employ reasonable measures to control duplication of, access to, and distribution of Protected Discovery Material, as defined in the Protective Order, and I will not make Protected Discovery Material available to or discuss it with, any person or persons not entitled to receive that material

2

under this Order. I agree to destroy any Protected Discovery Material if directed to do so by the Party disclosing such Protected Discovery Material to me.

Further, I understand and agree that damages are not an adequate remedy for violation of the Protective Order and that the appropriate remedy includes injunctive relief.

In addition, I agree that the United States District Court, Southern District of Indiana has jurisdiction to enforce the terms of the Protective Order, and I consent to the personal jurisdiction of that Court in an action to enforce the terms of the Protective Order.

_____   _____
Signature                         Date