**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS**

**CASE NO.:  1:24-CV-00650**

TRIANGLE EXPERIENCE GROUP, INC.,

                 Plaintiff,

v.

MAX MINDS, LLC,

                 Defendant.

_____

**MOTION TO DISMISS COUNTS I AND IV FOR FAILURE TO STATE A CLAIM AND INCORPORATED MEMORANDUM OF LAW**

       Defendant MAX MINDS, LLC, ("Max") by and through its undersigned counsel, hereby moves this Honorable Court pursuant to Fed. R. Civ. P. 12(b)(6) for an Order Dismissing Count I and Count IV of Plaintiff's First Amended Complaint (ECF 90), and as grounds therefore states as follows:

## I.     INTRODUCTION

       Count I of Triangle Experience Group Inc.'s ("TEG") First Amended Complaint ("FAC") seeks a Declaratory Judgment of "Joint Authorship/Co-Ownership" of "[t]he software at issue in this matter . . . whether it is called Haptic, Haptic Federal, Haptic Commercial or Alleo." (ECF 90, ¶ 67). TEG seeks "a judicial declaration that: (1) the software is a joint work under the Copyright Act; (2) TEG is a co-author of the software; (3) TEG is co-owner of the software and all copyright interests in the software, sharing one-half of the undivided interests with Max; and (4) TEG is entitled to a one-half share of all revenue received by Max from all sales or licensing of the software." (ECF 90, ¶ 75).

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS

Count I fails to plausibly state a cause of action for a declaratory judgment that TEG is a joint author and must be dismissed. TEG makes nothing more than conclusory assertions of joint authorship without any factual basis. Without any facts showing that TEG contributed TEG does not and cannot identify independently copyrightable contributions it made to the software which are necessary for a finding of joint authorship.

Count IV seeks cancelation of Max's copyright registrations for its software and source code based upon Max's failure to list TEG as a joint author or owner. This claim fails for the purely legal reason that this Court lacks the authority to cancel a copyright registration. That is the Copyright Office's job, not this Court's. Therefore, Count IV should also be dismissed.

## II.    ALLEGATIONS OF COUNTS I AND VI OF THE AMENDED COMPLAINT FOR A DECLARATORY JUDGMENT OF JOINT AUTHORSHIP/CO-OWNERSHIP

1.    The Amended Complaint contains a hodge-podge of allegations concerning the relationship between Max and TEG. Exhibit 1 to the Complaint, the Joint Venture Agreement (JVA), provides more detail but the picture is still hazy. Even construing the Complaint in a light favorable to TEG fails to discern any plausible allegations sufficient to support the relief TEG seeks.

2.    TEG's allegations regarding its contributions to the software are scant and conclusory. TEG alleges that "[i]n the spring of 2018, TEG and [Max's CEO Brandon] Fischer … began exploring the opportunity to work together, with Fischer providing the source code to power" a software solution TEG intended to sell to the government. (ECF 90 ¶ 23).

3.    TEG goes on to allege that "[t]hroughout the time period of 2019 and continuing thereafter, TEG and Max worked together to create and develop the Haptic Software." Fischer and TEG began "co-developing" the software in 2019. However, no detail concerning any code that TEG employees wrote is contained in the Amended Complaint. Instead, TEG alleges in a

conclusory fashion that "Haptic was intended to be and was a joint work of both TEG and Max." (ECF 90 ¶¶ 27, 36, 68-69).

4.      TEG also alleges that it "had control and decision-making authority over the software and how contributions to the software would be incorporated." (ECF 90 ¶ 70-71) TEG claims that this "control and decision-making authority" entitled it to be a "joint author" but nowhere does TEG allege that any TEG employees actually contributed software code.

5.      TEG attaches the JVA to the complaint and therefore it is considered a part of the complaint under Fed. R. Civ. P. Rule 8. Review of the JVA shows that Max—not TEG—is the sole developer, owner, and creator of the software. (ECF 90, Ex. 1). The JVA appoints Max as the party responsible for developing and engineering the software. The JVA says specifically that "Max will develop and engineer capabilities to support the customers needs."

6.      On the other hand, the JVA describes TEG's duties under the JVA as representing Max's software to sell to government customers and maintaining relationships with government customers. "[TEG's market] exclusivity comes with TEG's ability to sell, market, install, train, maintain the [software]. Considering *Max concentrates on the development and engineering of its platform* [referring to the software]." (emphasis added).  Nowhere does the JVA say that TEG employees would contribute code to the software.

### III.      ARGUMENT

#### A.      Standard for a Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) requires the court to assess whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS

alleged." *Id*. Accordingly, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*; see also *EEOC v. Sis-Bro Inc*., No. 24-cv-968-JPG, 2024 U.S. Dist. LEXIS 147051, at *3 (S.D. Ill. Aug. 15, 2024) ("If the factual detail of a complaint is 'so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8,' it is subject to dismissal.")(quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

### B.    Standard for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202

Count I of TEG's Amended Complaint seeks a declaratory judgment that TEG is a joint author or owner of Max's copyrights to software described as "Haptic, Haptic Federal, Haptic Commercial or Alleo." Count IV seeks a declaratory judgment of cancelation of Max's copyright registrations for "Haptic, Haptic Federal, Haptic Commercial or Alleo" because TEG was not listed therein as joint author or owner.

"In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). While case law indicates that the declaratory judgment statute can be used for claims of joint authorship, there appears to be no basis for its use to cancel a certificate of registration of copyright for the reasons explained below.

### C.    Pleading Requirements for a Declaration of Joint Authorship

Copyright does not protect ideas. The Copyright Act expressly provides that "[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). Copyrightable authorship requires fixation of original, creative expression in a tangible medium

of expression. 17 U.S.C. § 102(a). In other words, copyright requires a copyright claimant to create creative expression and fix it in a work.

The Copyright Act defines a "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101.

The Seventh Circuit adopted the copyrightable subject matter test for joint works in *Erickson.* The test has two prongs: (1) the contribution of each joint author must be copyrightable (i.e., each contribution must represent "original expression that could stand on its own as the subject matter of copyright"); and (2) "the parties must have intended to be joint authors at the time the work was created." *Erickson v. Trinity Theatre, Inc*., 13 F.3d 1061, 1063 (7th Cir. 1994) (internal quotations omitted).

Even if two or more persons collaborate with the intent to create a unitary work, the product will be considered a "joint work" only if the collaborators can be considered "authors." *Id.* at 1069. An "author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *JCW Invs., Inc. v. Novelty, Inc.*, 289 F. Supp. 2d 1023, 1031 (N.D. Ill. 2003) (citing 17 U.S.C. § 102).

### D.    Requirements for a Claim of Authorship or Ownership

Copyright ownership initially vests in the author or authors of the work. 17 U.S.C. § 201(a). An author, as described above is the person who actually transforms an idea into a finished work entitled to copyright protection. *See Id.*

Copyright ownership cannot be transferred without a signed writing. 17 U.S.C. 204(a). Specifically, Section 204 of the Copyright Act provides that "transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed …" 17

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS

U.S.C. 204(a).  Without a written agreement sufficiently specific, there is no transfer of copyright ownership. *See Wave 3 Learning v. Avko Educ. Res. Found.*, 2014 U.S. Dist. LEXIS 203137, at *2 (N.D. Ill. Aug. 7, 2014) (granting motion to dismiss plaintiff's complaint for a declaratory judgment of copyright ownership where there was no written agreement transferring the copyright to plaintiff.)

### E.    Count I Fails to State a Plausible Claim for Joint Authorship or Ownership

Count I fails to contain any plausible allegations that TEG created any creative work affixed in a medium indicating TEG made a specific contribution of independently copyrightable material to the vaguely described software "Haptic, Haptic Federal, Haptic Commercial or Alleo." Therefore, it must be dismissed.

A party to a copyright case asserting joint authorship must identify its "specific contributions" that could have been independently copyrighted. *Erickson*, 13 F.3d at 1072. In *Erickson*, the Seventh Circuit rejected a group of actors' claim of joint authorship of certain plays, because the actors failed to "identify specific [independently copyrightable] contributions that they had made to" any of the plays at issue. *Id*. Other Courts agree that the failure to allege details concerning specific creative contributions made by the putative author requires dismissal. *Brown v. Flowers*, 297 F. Supp. 2d 846, 852 (M.D.N.C. 2003), *aff'd*, 196 F. App'x 178 (4th Cir. 2006) (dismissing joint ownership claim because party failed to allege any details about his specific creative contributions to copyrighted songs); *BTE v. Bonnecaze*, 43 F. Supp. 2d 619, 628 (E.D. La. 1999) (finding no joint ownership because party failed to show that his suggestions ever became tangible expressions of copyrightable work).

"The issue of copyrightability is a question of law that is determined by the court." *Vaughn*, 2008 U.S. Dist. LEXIS 144383. at *8, citing *Gaiman v. McFarlane*, 360 F.3d 644, 648-49 (7th Cir. 2004).  A contribution is copyrightable if it "translates an idea into a fixed, tangible

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS

expression." *Erickson*, 13 F.3d at 1071.   As matter of law, the facts as plead, do not allege any "specific copyrightable contribution." *Id*.

Here, the Amended Complaint fails to identify any specific copyrightable contributions made by TEG.  The factual allegations of the Amended Complaint are woefully inadequate to plausibly allege that TEG made any specific copyrightable contributions. All TEG's allegations are conclusory with no supporting facts.

Paragraph 23 and 27 establish that Fischer (MAX) would build and provide the relevant source code, and not TEG, which Fisher delivered on or around October 5, 2019 (¶ 29). TEG relies on vague, non-specific claims that it "tested" and "improved" the source code provided by MAX (¶¶ 29, 70) and asserts in a conclusory allegation that it *"contributed independently copyrightable material"* without ever specifying any such material (¶ 71).

These allegations are insufficient on their face.  As noted in *Erikson*, "mere direction," ideas, refinements, and suggestions, are not copyrightable. 13 F.3d at 1071-72; see also 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work"); see also, *UIRC-GSA Holdings Inc. v. William Blair & Co., LLC*, 264 F. Supp. 3d 897, 902 (N.D. Ill. 2017); *Big Daddy Games, LLC v. Reel Spin Studios, LLC*, No. 12-CV-449-BBC, 2013 U.S. Dist. LEXIS 200235, 2013 WL 12233949, at *9 (W.D. Wis. Apr. 10, 2013) (finding party failed to meet second element of joint ownership test for video game because even though they provided instructions about sound and graphics, they failed to show their contributions went beyond general ideas, refinements, and suggestions).

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS

TEG's allegation that it provided suggestions for "improvements" to software written by MAX is insufficient to establish a plausible basis that TEG independently contributed copyrightable material entitling it to joint authorship. Rather than conclusory allegations, TEG must provide facts supporting its joint authorship claims. Otherwise, its claims of authorship are implausible. See *UIRC-GSA Holdings Inc. v. William Blair*, 264 F. Supp. 3d at 903 ("If this allegation is at all plausible, Blair, the alleged co-author, should be able to describe its own contributions with enough specificity to satisfy Twombly. In sum, Blair's vague allegations are insufficient, even at the motion to dismiss stage, to support the inference under the Seventh Circuit's standards, that it contributed independently copyrightable material to the works at issue.")

The facts in TEG's Amended Complaint do not meet the first prong of the copyrightable subject matter test, as outlined in *Erikson*.  TEG's claim of joint authorship should be dismissed.

**F.     Count VI Lacks a Basis in Law Because the Court has No Power to Cancel a Copyright Registration Certificate.**

TEG alleges in Count VI that because Max's copyright registrations only listed Max as an author, and that TEG should have been listed as a joint author, the registrations should be canceled by this Court. However, this claim fails because this Court has no such power.

District courts have no legal authority to cancel copyright registrations. *Brownstein v. Lindsay*, 742 F.3d 55, 75 (3d Cir. 2014) (holding "that courts have no authority to cancel copyright registrations because there is no statutory indication whatsoever that courts have such authority. Also, there is substantial indication that courts do not have such authority"); *Syntek Semiconductor Co. v. Microchip Tech. Inc*., 307 F.3d 775, 781-82 (9th Cir. 2002) (holding that cancellation of a copyright registration is an administrative remedy that must be sought from the Copyright Office).

**SRIPLAW**
California ◆ Georgia ◆ Florida ◆ Indiana ◆ Tennessee ◆ New York ◆ Texas

The prayer for relief in Count IV asks for an "[order requiring] Max to cancel any and all copyright registrations in which it is listed as the sole author and/or claimant for rights in the software …." (ECF 90, p. 14). The language of the prayer suggests that TEG wants this Court to compel Max to cancel the registrations. However, Max will not do that voluntarily so therefore a Court order of cancelation would be required. Yet this Court does not have the authority to order such relief and the Amended Complaint provides no such authority. Therefore, this count must be dismissed.

## IV.    CONCLUSION

For these reasons, Counts I and VI of TEG's Amended Complaint should be dismissed.

Dated: November 1, 2024                Respectfully submitted,

*/s/  J. Campbell Miller*
J. CAMPBELL MILLER
Bar Number: 38279-49
campbell.miller@sriplaw.com
**SRIPLAW, P. A.**
231 South Rangeline Road
Suite H
Carmel, Indiana 46032
332.600.5599 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN (*Pro Hac Vice*)
joel.rothman@sriplaw.com
**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, Florida 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

and

JOSEPH A. DUNNE (*Pro Hac Vice*)
joseph.dunne@sriplaw.com

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
929.200.8446 – Telephone
561.404.4353 – Facsimile

and

PHILIP D SEVER
Bar Number: 25384-49
phil@landownerattorneys.com
**SEVER, STORY, WALKER**
742 South Rangeline Road
Carmel, IN  46032
317.961.1202 - Telephone

*Counsel for Max Minds, LLC*